## J. C. HOLT v. THE STATE.

### No. 98.    Decided December 15, 1909.

**1.—Local Option—Evidence—Partnership.**

Where, upon trial for a violation of the local option law, the State claimed that defendant was acting together with another person, and that a partnership existed between them, there was no error in admitting testimony of defendant's familiarity with his alleged partner's business, and other like incidents to show the relation claimed.

**2.—Same—Evidence—Partnership.**

Upon trial for a violation of the local option law, where the State sought to show partnership between the defendant and another who was believed to be selling whisky, such partnership could not be proven by the declaration of said supposed partner.

**3.—Same—Charge of Court—Defensive Theory.**

Where, upon trial for a violation of the local option law, the defense claimed that he handled the whisky alleged to have been sold as an act of accommodation to another person, and that he, the defendant, had nothing at all to do with the sale of said whisky, and tendered a charge to the court requesting the submission of this issue, and the court's general charge submitted no issue under which the defendant could be acquitted, there was reversible error.  Following Coleman v. State, 54 Texas Crim. Rep., 396.

**4.—Same—Punishment—Charge of Court.**

Where the court, in his charge submitting the punishment for a violation of the local option law, used the term dollars instead of years, the same was probably an inadvertence.

**5.—Same—Evidence—Declarations of Defendant.**

Upon trial for a violation of the local option law there was no error in admitting testimony that defendant had stated to the wife of his alleged partner that he (defendant) did not want his wife to know that he was in the liquor business, because he had gotten into trouble before; of course, this testimony should have been properly limited.

Appeal from the County Court of Haskell.  Tried below before the Hon. Joe Irby.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Jas. P. Kinnard,* for appellant.—On question of court's failure to charge theory of defense as requested: Howell v. State, 53 Texas Crim. Rep., 536, 110 S. W. Rep., 914; Driver v. State, 48 Texas Crim. Rep., 20, 85 S. W. Rep., 1056; Byrd v. State, 51 Texas Crim. Rep., 539, 103 S. W. Rep., 863; Tippit v. State, 53 Texas Crim. Rep., 180, 109 S. W. Rep., 190; Coleman v. State, 54 Texas Crim. Rep., 396, 112 S. W. Rep., 1072.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal is prosecuted from a conviction

had in the County Court of Haskell County, on January 13 of this year, wherein appellant was found guilty of selling intoxicating liquors in violation of the local option law.

A great number of questions were raised on the trial of the case, and are presented in this court as grounds of reversal. We can not notice all of them, but as the case must be reversed for obvious errors, we will notice the more important questions raised on the appeal.

1. The evidence of the State tended to show that about the 10th of August, 1907, appellant with one J. M. Cantrell took a barrel containing bottles of whisky to appellant's place, and when same had been taken there, and out in his crop of milo maize, the barrel was opened and both Cantrell and appellant took from the barrel a pint of whisky. That on the next morning M. W. Cantrell, a brother of the witness first named, came to appellant's place, and the three of them went to the field, and after some little time found the barrel of whisky, and all three of the parties took from the barrel another pint bottle of whisky each, J. M. Cantrell saying at the time, "I will pay Tippett," whereupon appellant replied, "It is Tippett's; I have nothing to do with it; if you pay anybody, you can pay him." The State sought to show a partnership, or some such similar relation, with Tippett, who was known to be engaged in selling frosty, and who was believed to be selling whisky, and that under cover of this arrangement appellant was undertaking to dispose of or sell the whisky stored on his, appellant's, place. A great many of the bills relate to conduct, statements and declarations of appellant, his presence at Tippett's place, familiarity with his business, and other like incidents. We think this testimony, taken in connection with the declarations of appellant proven on the trial, was admissible as circumstances tending to show the relation claimed.

2. On the trial the State was permitted to introduce declarations of Tippett, made in appellant's absence, to the effect, in substance, that he and Holt were partners in business. This statement was made in the winter of 1907 or 1908, the precise time not being definitely fixed, but several months after the alleged offense. This was objected to for the reason that same was inadmissible, hearsay, and that partnership could not be proven by the declaration of a supposed partner. We think this objection should have been sustained. Robinson v. First National Bank, 98 Texas, 184.

3. The court, in submitting the case to the jury, charged them, in substance, that if they believed appellant had sold whisky to J. M. Cantrell they would find him guilty. Again, that if appellant and any other person acting together sold whisky to Cantrell, and that each of them knew of the unlawful act in making said sale, and that each of such parties participated in said sale, that they

would be guilty regardless of whether it was appellant or the other person who actually delivered the whisky to Cantrell or received payment therefor; or if they believed that appellant was a partner with J. L. Tippett, and as such partner let Cantrell have the bottle of whisky, and it was understood that Cantrell was to pay Tippett for the bottle of whisky, then they would find appellant guilty; or if appellant was the agent of Tippett, or knowingly assisted him in selling the whisky to Cantrell, he would be guilty.

It was appellant's contention, and his evidence distinctly raised the issue that he took this whisky from the depot in Haskell to his farm as an act of accommodation to Tippett, and that Cantrell had knowledge of this fact, and he had nothing at all to do with the selling of the whisky, nor was he in any respect connected with it except in the fact that both of them did take a pint bottle of the whisky. That at this time he did not sell or intend to sell it to Cantrell, nor was he in any way acting as agent of Tippett, nor was he in any respect his partner. That when they put the barrel in the buggy at the depot Tippett said to them, "You fellows take what you want of it."

In this state of the proof appellant requested the following instruction: "You are instructed that if you believe from the evidence that on or about the 10th day of August, 1907, the defendant and J. M. Cantrell went down to the depot for the purpose of getting some whisky from J. L. Tippett, and that when the train arrived a barrel of whisky was turned over to said Holt and Cantrell by said Tippett to be carried out in the country, and that said Tippett told said Holt and Cantrell that they could get what they wanted of the whisky, but that said Holt did not know that it was the intention of said Tippett to make a sale of said whisky to said J. M. Cantrell, or if you have a reasonable doubt thereof you will acquit." This instruction was sufficiently pertinent to call the attention of the court to the fact of appellant's defense, and should, in substance, at least, have been given. In this connection it should be stated that nowhere in the court's charge, nor under any circumstances were the jury authorized to acquit appellant. The charge in all phases of the evidence above recited state on what facts appellant could be found guilty, but submitted no issue under which he would be entitled to an acquittal. It is always the duty of the trial court, where an issue is made in the evidence of a defensive character, to submit to the jury the issue of fact under appropriate instructions, and where this is not done, we have no recourse or authority, nor would there be any justification or reason not to reverse convictions. Coleman v. State, 54 Texas Crim. Rep., 396, 112 S. W. Rep., 1072.

4. Complaint is made of the charge of the court touching the punishment to be assessed in the event of conviction. On this question the court instructed the jury as follows: "And in the

event you find the defendant guilty, you will assess his punishment at a fine of not less than twenty-five dollars and confinement in the county jail for not less than twenty nor more than one hundred dollars." We assume that the framing of the charge in this language was through inadvertence, and it will on another trial be corrected.

5. On the trial the State was permitted to prove by Mrs. J. L. Tippett that appellant had said to her, in substance, that he did not want his wife to know that he was in the liquor business, because he had been in the liquor business before, and had gotten into trouble, and had promised his wife he would never do it again. This testimony was in answer to a question by the State as to the reason given why appellant did not desire it known he was in the whisky business. Appellant seriously complained of the admission of this testimony because it contained a reference to former misconduct, convictions or troubles. If any reason existed for secrecy touching the matter of the relations between appellant and Tippett, in view of his conduct and treatment of this relation, if indeed it existed, it is permissible for the State to show any ·reason appellant had for not disclosing the connection. It would have been proper, on request, for the court, however, in this connection, to charge the jury that any reference to former troubles or other matters to appellant's discredit should not be received as tending to show his guilt in this case.

For the errors pointed out the judgment of conviction is reversed and the cause is remanded for further proceedings in accordance with the law.

*Reversed and remanded.*