### WILL DAVIS v. THE STATE.

No. 1136.   Decided November 1, 1911.

Rehearing denied December 6, 1911.

**1.—Assault to Murder—Theory of Defense—Specific Intent to Kill—Charge of Court.**

Where, upon trial of assault to murder, the evidence raised the question as to defendant's specific intent to kill, etc., and the court failed to affirmatively submit said issues, although requested to do so, there was reversible error.

**2.—Same—Special Charges—Article 723.**

While earlier cases hold that it is not necessary to request special charges in a felony case on the issues raised by the evidence, yet under Article 723, Code Criminal Procedure, this is necessary where the court's charge is not full enough;

but where the requested charges call the court's attention to the court's failure to submit the issues raised by the evidence, the same is reversible errror, although the special charges may not be properly drawn.

### 3.—Same—Charge of Court—Self-Defense.

Where there was no evidence of self-defense, there was no error in the court's failure to charge thereon.

### 4.—Same—Evidence—Words and Phrases.

Upon trial of assault to murder, there was no error in admitting testimony showing what was meant in crap games by the expression, "I won't leave here until I get my man;" as the State could not be concluded by defendant's testimony on that point.

### 5.—Same—Charge of Court—Aggravated Assault.

Where the evidence raises the issues of aggravated assault, the court should charge thereon.

### 6.—Same—Charge of Court—Accomplice.

Where the evidence did not raise the question of accomplice as to certain witnesses, there was no error in the court's failure to charge thereon.

Appeal from the District Court of Wood. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. D. Carlock,* for appellant.—On question of court's failure to charge on specific intent to kill: Carter v. State, 28 Texas Crim. App., 355.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted for an assault with intent to murder, convicted and given the lowest penalty.

The difficulty out of which this case grew was over a game of craps. The appellant and Tab, whom appellant was charged with assaulting to kill, were engaged in the game. A dispute thereabouts arose between them. The testimony of the State, in effect, shows that appellant shot directly at Tab with his pistol under such circumstances as to clearly show that he did so with the intent to kill Tab, and the court submitted, in effect, this theory of the case to the jury.

Among other defenses by the appellant, was that the shot from his pistol was an accidental shot and that he did not shoot in self-defense. Another defense was that he pulled the pistol out of his pocket with the intention of defending himself if it became necessary, he testifying, in effect, that he believed that Tab and two other of the State's witnesses all got up at the same time, one of them drawing his knife out of the ground where it had been sticking in front of him and another with his coat on his arm and his hand under his coat where he thought that witness had some weapon, and that he thought all three of these parties were about, or were in the

act of assaulting him, and that he did not shoot at or intend to shoot or kill Tab.

Without taking up each of the several charges requested by appellant to cover these various phases of the appellant's defense, they sufficiently called the attention of the court to the several questions so as to require the court to give affirmatively his defenses to the jury. The court, in his charge, sufficiently presented the question of the accidental shooting. He also presented, in the main charge, properly, the question requiring the jury to believe that the appellant must have shot at Tab with the specific intent to kill him, but did not present even this issue, in an affirmative way as the appellant's defense. The appellant by one or more of his charges asked this affirmatively in his behalf, which the court refused.

The court did not specifically submit the other question as to the claimed assault upon the appellant by Tab and the other two State's witnesses and his belief that they intended to assault him, either in an affirmative way as to appellant's defenses, or otherwise, directly by the charge. As these matters were presented to the court by requested charges from the appellant and the court refused them, it is our opinion that this constituted reversible error.

There is an unbroken line of decisions of this court which hold in effect that a defendant is entitled to a distinct and affirmative and not merely an implied or negative, presentation of the issues which arise upon his evidence, in order to prevent the jury from ignoring his defenses and to conduct them to a proper verdict if they find his evidence to be true where such issues are specifically requested by special charges of the appellant on the trial. The earlier cases, in effect, hold that this would be reversible error even though special charges were not requested. In our opinion this would not be the case unless special charges were requested under the proper construction of article 723 of the Code Criminal Procedure, enacted in 1897.

We would not be understood as holding that each of the special charges requested by appellant on these subjects, as they were drawn by him, are in every particular correct, but they do present the questions in such a way as to require the court to either give the charges asked or in substance cover the points in the main charge.

As the evidence in the record shows, no charge on self-defense was called for.

The testimony by several of the State's witnesses, showing what was meant in crap games by the expression, "I won't leave here until I get my man," was properly admitted, especially as the appellant himself testified that such expression may have been used in such games before, but even we believe it is admissible if he had denied that the expression had ever been used before. The State would not be concluded by his testimony on that point, and if, as testified to by the State's witnesses, in substance that was a common expression

used in such games and meant what they testified it meant it would be admissible for the jury's consideration.

It would also be best, if the court submits aggravated assault, which seems to have been necessary to be submitted under the record as made before us, to more fully define an aggravated assault substantially as requested by appellant in the special charge.

We think the evidence in this case, as the record shows it, would not require the court to submit whether or not Luther Darden and Richard Williams were accomplices.

We deem it unnecessary to discuss or decide any of the other questions raised by appellant. For the errors pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

[Rehearing denied December 6, 1911.—Reporter.]