### JOHN BURKHALTER v. THE STATE.

#### No. 3941. Decided February 16, 1916.

#### Rehearing denied April 5, 1916.

**1.—Murder—Evidence—Declaration of Third Parties—Hearsay.**

Upon trial of murder, the declaration of a third party, with reference to the gun with which deceased was killed, should have been excluded if objection

thereto had been made by the State, as said party was a witness in the case and no question was asked him in regard to the matter when he testified.

### 2.—Same—Circumstantial Evidence—Sufficiency of the Evidence.

Where, upon trial of murder, the case was one depending upon circumstantial evidence, but which with other testimony was sufficient to sustain the conviction, the cause would not be reversed if the court had not failed to submit all the issues made by the testimony.

### 3.—Same—Imputing a Crime to Another—Charge of Court—Circumstantial Evidence—Alibi.

Where, upon trial of murder, the evidence raised the issue which tended to show that another party, and not defendant, had probably committed the offense, the court should have submitted defendant's requested charge on that issue, and the court's charge upon alibi and circumstantial evidence, which perhaps negatively presented this issue, was not sufficient. Following Kirby v. State, 49 Texas Crim. Rep., 517. Distinguishing Brown v. State, 169 S. W. Rep., 437.

### 4.—Same—Rule Stated—Distinct Defense—Charge of Court.

When the defendant, in addition to his plea of not guilty, introduces evidence setting up a distinct defense, such defense must be affirmatively presented in the charge of the court, and a negative presentation of such an issue is insufficient. Following Davis v. State, 63 Texas Crim. Rep., 484, and other cases.

### 5.—Same—Alibi—Charge of Court.

Where, upon trial of murder, defendant submitted to the court a special charge requesting that the same be submitted to the jury as peculiarly applicable to the facts in the case the same should have been given, as the court's main charge upon this issue was not full enough.

### 6.—Same—Evidence—Conversation—Declaration of Third Parties.

While it is permissible for the State to introduce in evidence conversations the witnesses had with the defendant, yet such witnesses should not be permitted to testify that they told the defendant a great many things damaging to him, etc.

### 7.—Same—Bills of Exception—Practice on Appeal.

Where the judgment was reversed and the cause remanded on other grounds, it is not necessary to pass upon the matters complained of in other bills of exception which will not again occur upon another trial.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. L. B. Guinn.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Woods & King* and *King & Seale,* for appellant.—On question of declarations by defendant: Frazier v. State, 52 Texas Crim. Rep., 131; O'Quinn v. State, 55 Texas Crim. Rep., 18, 115 S. W. Rep., 39; Roquemore v. State, 99 S. W. Rep., 547; Crowell v. State, 120 S. W. Rep., 897.

On question of charge of court on the issue of imputing crime to another: Dubose v. State, 10 Texas Crim. App., 230; Bennet v. State, 39 Texas Crim. Rep., 639; Wheeler v. State, 56 Texas Crim. Rep., 547, 121 S. W. Rep., 166; Harrison v. State, 83 S. W. Rep., 699; Mitchell v. State, 144 S. W. Rep., 1115, and cases stated in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of the murder of Tellie Manning, and his punishment assessed at ten years confinement in the State penitentiary.

There is in the record some twenty-five bills of exception. We have read and considered each of them, but as the case will be reversed we do not deem it necessary to discuss those that, in our opinion, present no error.

On the trial of the case the State called Miss Oda Grace as a witness, and she testified that on Sunday preceding the homicide she had heard appellant say that if deceased ever crossed his path he, appellant, would kill him. On cross-examination by defendant she testified she was a sister of Porter Grace; that her brother, Porter Grace, and deceased, Tellie Manning, had had three or four fights, and they were mad at each other, and did not like each other at all. She further testified, "It may be that there at appellant's house on the Sunday before Manning was killed, and at the time he said, if he ever crossed him he would kill him, that I made the remark that we were afraid of Manning, deceased, and if my father had let Porter alone one day down in the bottom, he would have killed Manning." She further testified that shortly after Manning was killed some officers came to her brother's and looked at a gun there, and they were about to lay this killing off on Porter Grace, her brother, because he had had several fights with Manning, and she then told them what appellant had said about killing Manning if he ever crossed his path.

The defendant introduced H. C. Rich, who was sheriff of Nacogdoches County at the time Manning was killed, as a witness, and Mr. Rich testified that he and Mr. Spradley, who is now sheriff of that county, were investigating the killing of Manning; that he, Rich, was at the home of appellant and examined a gun at appellant's residence, and in his opinion the gun had not been fired for some time. He furthermore says that Mr. Spradley brought him a gun that he, Spradley, had obtained at the residence of Porter Grace, and said, "this is the gun that killed Tellie Manning." It is further shown that Porter Grace lived at Waterman, and worked in a planing mill at that place; that deceased had gone to Waterman the morning of the killing, and when killed was returning home from Waterman, and in about a mile of that town. Miss Grace testifies that her brother, Porter, was at Waterman that day, so she had been informed by her brother. Porter Grace was not called as a witness either by the State or defendant. No witness testifies as to the whereabouts of Porter Grace at the time of the killing. The defendant's testimony had placed him in this neighborhood, in less than a mile of the scene of the killing; that he and deceased had had several fights some time prior to the homicide, and just before deceased was sent to the epileptic asylum at Abilene— he having just returned from that place on Sunday before he was killed on Tuesday—that a gun was obtained at the home of Porter

Grace, which Mr. Spradley said in his opinion was the gun used in killing Tellie Manning. As Mr. Spradley was a witness in the case, and no question asked him in regard to the matter, the testimony of ex-Sheriff Rich as to what Mr. Spradley said was inadmissible, and an objection to it should have been sustained.

No one saw the shots fired that killed Manning. The case against appellant was one depending on circumstantial evidence, and we will say here that we do not think the contention of appellant that it is insufficient to sustain a conviction should be sustained. We would not reverse the case on that ground, but we are of the opinion that when the evidence of Rev. Mr. Martin and Mrs. Jones is considered, together with the other facts and circumstances in the case, the evidence would support the verdict of the jury. But the fact it would do so does not alter the rule that the case must be reversed if the court did not submit all the issues made by the testimony.

The appellant, when the court's charge was presented to him, excepted to the charge: "Because the court nowhere instructs the jury in his main charge that if they believe from the evidence or if they have a reasonable doubt therefrom that Porter Grace or Ernest Burkhalter killed deceased or if the circumstances do not exclude the idea that Porter Grace or Ernest Burkhalter killed deceased, then they will find the defendant not guilty, and defendant now requests that the court give to the jury his special charge No. 3, submitting said issue." In his special charge No. 3 he specifically requested the court to submit that issue, which charge was by the court refused. So if the issue was raised by the evidence that Porter Grace may have killed the deceased, the failure of the court to submit it is raised in a way that we must and should consider it. The court in his charge, in submitting the law governing a case depending on circumstantial evidence, instructed the jury that "the circumstances, taken together, must be of a conclusive nature, tending on the whole to a satisfactory conclusion and producing, in effect, a reasonable and moral certainty that the accused and *no other person* committed the offense charged." He also instructed the jury, "If you have a reasonable doubt as to whether or not the defendant, John Burkhalter, was present at the time and place that Tellie Manning was shot, if he was shot, you will give the defendant the benefit of such doubt and acquit him." And then gave the law governing the presumption of innocence and reasonable doubt.

And if this was an original proposition the writer would be inclined to the opinion that the jury could not be misled as to the law governing the case when thus instructed, but it appears that this identical question has been before this court, and it was held such error as to require a reversal of the case, to fail to charge the jury that if they believe from the evidence that Porter Grace may have shot and killed the deceased, or if they had a reasonable doubt about the matter, to acquit appellant. In the case of Wheeler v. State, 121 S. W. Rep., 167, in discussing the identical question here presented, the court said:

"The charge upon alibi and that upon circumstantial evidence nega-

tively, perhaps, presents the issues. It has been, as before stated, the universal rule in Texas to hold that wherever a defensive matter is set up, and supported by facts, the accused is entitled to an affirmative charge on that defensive matter. The law is not satisfied with a negative presentation, and it has been held directly that where there is evidence that another, or others, may have committed the crime, and not the accused, the court must submit this issue to the jury. Kirby v. State, 49 Texas Crim. Rep., 517, 93 S. W. Rep., 1030. For a discussion of the matter generally, see Harrison v. State, 47 Texas Crim. Rep., 393, 83 S. W. Rep., 699; also Hart v. State, 15 Texas Crim. App., 202, 49 Am. Rep., 188; McInturf v. State, 20 Texas Crim. App., 335; Leonard v. Washington Territory, 2 Wash. T., 381, 7 Pac. Rep., 878; Kunde v. State, 22 Texas Crim. App., 65, 3 S. W. Rep., 325; Coffelt v. State, 19 Texas Crim. App., 436; Murphy v. State, 36 Texas Crim. Rep., 24, 35 S. W. Rep., 174; Sawyers v. State, 15 Lea (Tenn.), 694."

The State insists that in the case of Brown v. State, 169 S. W. Rep., 437, this court to some extent modified the rule as announced in the Wheeler case, supra, but from a reading of that case we do not think it will bear any such construction. In the Brown case it was pointed out that the testimony did not place the other Brown in such proximity to the place where the offense was committed that he could have committed the offense, and for that reason no charge presenting that issue was required. We can not so hold in this case. The evidence and all the evidence places Porter Grace in such proximity to the place where the offense was committed that he could have committed the offense. In the Brown case the State, when the defendant sought to raise the issue that the other Brown might have committed the offense, introduced evidence as to the location of the other Brown and placed him in Comanche County, a long ways from the scene of the homicide in Brown County. In this case when the defendant sought to raise the issue that Porter Grace may have committed the offense, and by his testimony placed him in at least a mile of the scene of the homicide, the State made no effort to account for the whereabouts of Grace at the time of the homicide.

It seems to have become a settled rule of law in this State, that when the testimony of a defendant, in addition to his plea of not guilty, introduces evidence setting up a distinct defense, that such defense must be affirmatively presented in the charge of the court, and a negative presentation of such an issue is insufficient. Davis v. State, 63 Texas Crim. Rep., 484; Holt v. State, 57 Texas Crim. Rep., 432; Coleman v. State, 54 Texas Crim. Rep., 396.

The charge on alibi is criticised by appellant, and a special charge requested on that issue. In a case like this, one where the defendant admits that he was in 250 yards of the scene of the homicide at the time of the commission thereof, it would be better to more fully present that issue, and on another trial make it applicable to the evidence adduced on the trial.

While it is always permissible for the State to introduce conversa-

tions had with the defendant, while not under arrest, relative to the crime he is on trial for having committed, and prove statements made to him calling for a denial, and that he made no denial, or made a qualified admission, yet witnesses should not be permitted to testify "they told appellant a great many things damaging to him," etc. The court endeavored to keep such expressions out, and admit only legitimate testimony along this line, but we call attention to this matter so that on another trial such expressions as that above will not be allowed to creep into the record.

As before said, we have read each bill of exception in the record, but do not deem it necessary to discuss any of the others. Some of the matters complained of will not occur on another trial, and the others present no reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Rehearing denied April 5, 1916.—Reporter.]