## Carl Hunt v. The State.

No. 5376.   Decided June 4, 1919.

Denied October 15, 1919.

1.—Seduction—Alibi—Requested Charge—Weight of Evidence.

Where, upon trial of seduction, the defendant claimed an alibi and the court submitted a proper charge thereon to the jury, there was no error in refusing to submit a requested charge upon this issue; besides, the special charge was on the weight of the evidence. Distinguishing Burkhalter v. State, 79 Texas Crim. Rep., 336, 184 S. W. Rep., 221.

2.—Same—Evidence—Letters—Charge of Court—Corroboration—Accomplice.

Upon trial of seduction, there was no error in admitting in evidence certain letters which the prosecutrix identified as being in defendant's handwriting, other witnesses testifying to the same fact, and there was no reversible error in failing to give a charge that the jury could not find such facts upon the testimony of the prosecutrix alone; besides, singling out isolated facts in the accomplice testimony in the charge of the court in instructing on corroboration of accomplice testimony is improper. Following Williams v. State, 59 Texas Crim. Rep., 347, and other cases.

3.—Same—Conditional Promise—Seduction—Rule Stated.

Where, upon trial of seduction, the fact that defendant told the prosecutrix that he would marry her as soon as he could get three hundred dollars, is only a promise conditioned as to time and this will not prevent it being sufficient, and does not come within the rule of conditional promise to marry in case of pregnancy. Following Barnes v. State, 37 Texas Crim. Rep., 320.

4.—Same—Rehearing—Requested Charge—Alibi.

Where, upon trial of seduction, the defendant pleaded an alibi and requested a charge on said phase of the case which the court refused because he had already charged thereon, there was no reversible error; besides, said requested charge was on weight of the evidence.

Appeal from the District Court of Decatur. Tried below before the Hon. F. O. McKinsey, judge.

Appeal from a conviction of seduction; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*L. R. Ratliff* and *Frank J. Ford,* for appellant.—Cited cases in the opinion.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of seduction in the District Court of Wise County, Texas, and his punishment fixed at three years confinement in the penitentiary.

The facts in evidence show that the prosecutrix, one Ollie Prestridge, was an unmarried young woman, twenty years of age, working for a telephone company at Decatur, Wise County, and that appellant was paying her attention and was frequently seen with her at her home and at the office during the latter part of the year 1917, and that she gave birth to a child on September 27, 1918, which she testified was the child of appellant. She further testified that he made love to her and promised to marry her in November, 1917, and that some two weeks after their engagement she yielded to his solicitations because of the fact that she loved him and he had promised to marry her. She states that such illicit intimacy continued at frequent intervals during the months of November and December and once or twice during January and the last time on February 3, 1918.

The fact of appellant's visits to the home of the prosecutrix and the place where she worked was shown by other witnesses, as was also the fact that he had stated that he was going to marry her, and the further fact that she had given birth to the child.

It was shown also that appellant went to work in Ft. Worth in the latter part of 1917, and several letters written in Ft. Worth to the prosecutrix were identified by her as being in the handwriting of appellant and received by her from him in November, 1917. In the letters, which are full of endearing terms and expressions, he referred to intimate relations between the writer and the party to whom the letters are addressed, and he calls himself "your hubby Hunt," and refers to "my wife Olive H." These letters were examined by the witness Step, who testified substantially that appellant had worked for him for some months and that he had seen him write and was familiar with his signature and handwriting and said witness testified that in his judgment the letters in evidence were written and signed by the appellant. He testified about each of the letters offered in evidence to this effect. One Perry, a banker who had seen appellant write, testified that one of the letters was in appellant's handwriting but he was not so sure about the other.

Appellant complains here because the trial court refused to give a special charge on alibi. The court's charge on this defense was as follows: "If you believe from the evidence that the offense charged was committed, and that the prosecutrix had sexual intercourse with some male person, but if you have a reasonable doubt as to whether

the defendant was present at the time or not, you will give him the benefit of such doubt and find him not guilty.''

Appellant asked a special charge as follows: ''You are instructed as part of the law of this case, that as defendant has introduced evidence tending to show that he was not in Wise County at the time the evidence of the State tends to show the offense committed, you are therefore instructed that if you have a reasonable doubt as to whether the defendant was in Wise County at the time and place, or not, when the offense with which he is charged was committed, you will acquit him.''

This special instruction was on the weight of the evidence and assumed as a fact that the evidence of appellant tended to show him at another place, than that of the commission of the offense, when the same was committed. Aside from this objection to said special charge, we can see nothing in the same which was not substantially in the main charge as given and quoted above. The child of prosecutrix was born September 27th and, according to the course of nature this would likely make the date of the intercourse resulting in conception, sometime in December, 1917. The seduction, if any, was accomplished in November of that year. The court would not have been warranted in giving said special charge, and the same presented the law of alibi no more clearly than the charge given. The case of Burkhalter v. State, 79 Texas Crim. Rep., 336, 184 S. W. Rep., 221, which is cited and relied on by appellant, is not in point. The criticism of the court's charge on alibi in that case, arose out of the fact that Burkhalter admitted that he was within 250 yards of the place of the homicide at the time same took place, and the trial court in that case instructed the jury that if they had a reasonable doubt as to whether or not Burkhalter was present at the time and place deceased was shot to acquit him. This court, in reviewing said charge, held that in the state of case made by that evidence a charge more pertinently applicable to such evidence would have been better. We think that holding reasonable, for the deceased in that case was shot, and it is well-known that there are many guns that can easily shoot more than 250 yards, and this court was of the opinion that a more explicit alibi charge was called for by those facts. In the instant case the only witnesses placed on the stand by appellant were the keepers of the boarding house at Ft. Worth, where appellant stayed after he went to said city of Ft. Worth in December. They testified that to their best knowledge he could not have been absent from their place any day without their knowing it and that they did not believe he was absent any whole day after he came there. If this proved anything, it proved appellant at a distance of not less than forty miles from the town where the alleged seduction took place when same was committed and there could have been no confusion in the mind of the jury such as was evi-

dently possible in the Burkhalter case. We are of the opinion that the court's charge was sufficient, and that there was no error in refusing the special charge requested.

The appellant also complains that the court admitted said letters in evidence, and likewise declined to give his special charge No. 7, to the effect that such letters could not be considered unless it was shown beyond a reasonable doubt that appellant wrote them and caused them to be delivered, and further that the jury could not find such facts upon the testimony of the prosecutrix alone. Reference to our statement of the facts of this case, above, will disclose that while prosecutrix identified the letters and swore they were in appellant's handwriting, other winesses testified to the same facts. No witness was introduced to dispute the fact that the letters were written by the appellant. It has been often held by this court in cases like this that it is unnecessary that the prosecutrix be corroborated as to every material fact, nor do we think it would be proper to single out isolated facts in the case which are admissible in making out the State's case, and apply the law of accomplice testimony to each such bit of evidence. It is certainly true that if this practice be permissible as to one fact it would be pertinent in all and this would result of necessity in giving such special charges as to make it necessary for the jury to find prosecutrix corroborated as to each fact or bit of evidence offered. This is not the law as laid down by this court. Williams v. State, 59 Texas Crim. Rep., 347; Nash v. State, 61 Texas Crim. Rep., 259; Slaughter v. State, 76 Texas Crim. Rep., 157, 174 S. W. Rep., 580; Blakely v. State, 24 Texas Crim. Rep., 616.

Appellant further contends that only a conditional promise to marry was made, if any. The fact that appellant told the prosecutrix that he would marry her as soon as he could get $300, is only a promise conditioned as to time and this will not prevent it being suf[f]cient. Barnes v. State, 37 Texas Crim. Rep., 320. Such a condition is not at all akin to those cases wherein the body of prosecutrix is yielded under a promise to marry in case of pregnancy.

Believing the record shows no reversible error the judgment of the lower court is affirmed.

*Affirmed.*

ON REHEARING.

October 15, 1919.

LATTIMORE, JUDGE.—Appellant strenuously insists in his motion for rehearing, that we erred in our original opinion in not reversing the case, because of the refusal of the trial court to give his requested charge on alibi. Appellant was charged in the court

below with the offense of seduction, and it is evident that the offense could not have been committed by appellant without his personal presence.

The prosecutrix testified that during the months of October and November, 1917, she was keeping company with appellant, who at that time worked in a garage in Decatur, in Wise County, Texas, and that in November she became engaged to him, and shortly thereafter yielded to his solicitations, and relying upon his promises to marry her, engaged in acts of intercourse.

Numerous other witnesses testified that during said months appellant lived and worked in said town and county, and kept company with the prosecutrix. Several witnesses testified that he told them he was going to marry her. No one questioned the fact of his presence and residence in said county during said months.

The prosecutrix testified to a number of acts of intercourse between herself and appellant, the last one of which occured on January 6, 1918, in Decatur.

Appellant introduced two witnesses who testified that he was in Tarrant County on January 6, 1918, and it is upon this testimony that appellant requested the charge on alibi. We think the charge correctly refused. The wording of said charge was substantially that he had introduced evidence tending to show that he was not in Wise County when the offense was committed, and if the jury had a reasonable doubt as to whether he was in Wise Coonty at the time and place, etc., they should acquit.

If we understand the record, there was no evidence of any kind tending to show that appellant was not in Wise County in October and November, 1917, and the charge would have been erroneous and on the weight of the evidence. The Court correctly refused it.

We examined and considered each of the special charges and other matters complained of by appellant in this record, before we handed down our original opinion. Finding no error which justifies the granting of said motion, the same is overruled.

*Overruled.*