JEFF MOSS v. THE STATE.

No. 7287.     Decided March 21, 1923.

1.—Seduction—Evidence—Identity of Prosecutrix.

Where, upon trial of seduction, a practicing physician testified for the State that at a certain time defendant came to see him and tried to induce him to give him some medicine to produce an abortion upon a young lady, without naming her; and further statements inculpatory of himself, and the

statements given corresponded with the facts which were in evidence implicating him as the seducer of the female in question, there is no reversible error.

2.—Same—Rule Stated—Identity of Person.

This Court has never held that it was necessary that the person referred to in a statement offered as criminating evidence against one accused of crime must be named therein. The rule seems to be that if from the contents of the statement itself or from the evidence in the case it reasonably appears that same relates to the transaction or person involved with any degree of probative force, it is admissible, its weight being for the jury. Following Woods v. State, 28 Texas Crim. App., 61.

3.—Same—Conditional Promise.

Where, upon trial of seduction, the prosecutrix testified the defendant told her at the time of his first sexual intercourse with her that he would marry her just as soon as he could; that he was going to sell some land and prepare and as soon as he could provide like he wanted to that they would marry. This was not a conditional promise, and there was no error in refusing a requested charge upon the hypothesis that if the carnal intercourse was granted upon a conditional promise of marriage there would be no guilt. Following Barnes v. State, 37 Texas Crim. Rep., 328.

4.—Same—Requested Charge—First Act of Intercourse.

Where the defendant's requested charge did not present a correct proposition of law under the facts of the instant case with reference to the first act of carnal intercourse he had with prosecutrix, and the main charge instructed the jury that the promise of marriage and the yielding upon such promise, constituted the gist of the offense and that subsequent intercourse by a promise of marriage would not constitute seduction, there is no reversible error.

5.—Same—Rehearing—Identity of Person—Rule Stated.

This Court knows of no case holding that the person referred to in a statement of the accused offered against him as a criminating circumstance, must be named. Following Hinman v. State, 59 Texas Crim. Rep., 32; and while the prosecutrix was not named in the conversation of defendant with the witness, the other evidence in the case so strongly tended to bear out the theory that she was the person he had in mind as to make his statements susceptible of probative force.

6.—Same—Promise to Marry—Conditional Promise.

A promise to marry as soon as defendant could sell certain land could but relate to the time of and not to the fact of such promise to marry and was not conditional. Following Simmons v. State, 54 Texas Crim. Rep., 625, and other cases.

Appeal from the District Court of Llano. Tried below before the Honorable J. H. McLean.

Appeal from a conviction of seduction; penalty, five years imprisonment in the penitentiary.

*Flack & Flack* for appellant—Fuller v. State, 54 Texas Crim. Rep., 454, and cases cited in opinion.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the state.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Llano County of seduction, and his punishment fixed at five years in the peneitentiary.

It is not denied by appellant that the evidence is amply sufficient to show the promise of marriage on his part to prosecutrix, the fact of her being carnally known by some man, and the birth of a child to her. She was a young girl and appellant was a man about thirty-seven or thirty eight years of age. He had lost one wife. That he paid assiduous court to prosecutrix and was at her mother's house to see her constantly during the summer, the occasion of the seduction being alleged as in July, that he wrote her loving letters, that he went to see her after becoming aware of her unfortunate condition and told her that if he had fifteen thousand dollars he would give it to her not to lay it on him, seem abundantly established by other evidence than that of prosecutrix.

Appellant's principal complaint is of the admission of the testimony of Dr. Douglass, a practicing physician of the town of Llano, in which county the seduction, if any, occurred. Dr. Douglass testified that some time before Christmas appellant came to see him and tried to induce him to give him some medicine or something that would relieve "the young lady" from a pregnancy of four and one-half or five months, according to appellant's statement. He stated to the doctor that he had promised to marry the young lady who was to have the baby, and afterwards had married another woman without the knowledge of the pregnant woman, that she had raised a disturbance and that he wanted the doctor to get him out of this trouble. Appellant further stated to the doctor that he was pretty certain he was the father of the child and the cause of her pregnancy, and also that he supposed it was his child and that he did not know anybody else he could lay it on. He further stated that after he married he went to see the girl again and that she raised much disturbance and fell on her knees and became hysterical and said she was going to kill herself as that was the best way out of it. Dr. Douglass further testified that he told appellant it was very regrettable but he could not relieve the young lady in any way, and that he advised appellant to send her to a rescue home. Appellant reminded him of the fact that his wife was due all respect and that he would hate for this to become public and hurt his wife's good name so soon after their marriage. The doctor further testified that appellant was worried in regard to his wife but otherwise expressed no regrets. Appellant's objection to this testimony was on the ground that it did not indicate the prosecutrix or the matter here involved. We regret our inability to agree with learned counsel for appellant.

Analyzing the statement made to the physician by appellant, it appears that the young woman referred to was supposed to be four and one-half or five months advanced in pregnancy. This fitted prosecutrix. She was also a young woman whom he had promised to marry. This also fitted prosecutrix, for not only did she swear that he had promised to marry her but her mother swore appellant had asked her consent to such marriage. Appellant stated to the doctor that he was pretty certain that he was the father of her child, which also fits prosecutrix's case, she swearing that appellant was the only man who had carnally known her, and she being corroborated by a large number of witnesses who uniformly accorded to her a good reputation for virtue and chastity, notwithstanding the fact that she had borne an illegitimate child; among said witnesses being the only other men with whom she had ever gone. Appellant further stated to the doctor that he supposed it was his child and he did not know anybody else he could lay it on. This accords fully with the good reputation of the young lady and the difficulty that confronted appellant in trying to find some scapegoat to whom he might ascribe the cause of his own wrongdoing. The doctor said that appellant told him that after he married he went to see the girl and she raised a disturbance to get him to carry out what she termed a great wrong to her, etc. It was shown that after appellant was informed by prosecutrix of her unfortunate condition, he went to see her and tried to get her to leave and go away, saying that he would lay it on some one else, and on that occasion her mother overheard him say to prosecutrix that if he had fifteen thousand dollars he would give it to her if she would not lay it on him, though the state witnesses fixed this time as prior to his marriage.

We have never held it necessary that the person referred to in a statement offered as criminating evidence against one accused of crime, must be named therein. The rule seems to be that if from the contents of the statement itself, or from other evidence in the case, it reasonably appears that same relates to the transaction or person involved with any degree of probative force, it is admissible, its weight being for the jury. In Woods v. State, 28 Texas Crim. App. 61, a rape case, the occurrence having taken place at night and an alibi being relied on for the defense, Judge White, speaking for this court, approved the admission of a statement by the accused made about a month before the alleged rape in which he said that "He had a good thing but it was not black." Other evidence showed that the accused a negro, lived not far from the injured party, a white woman; that several times he had gone into her yard, and on one occasion had told her that she looked pretty, and on another occasion had asked her for a rose, and on another came to her window after she had retired and asked her if she would not read to him certain receipts, and when she told him no, he went away. Judge White says:

"In the light of this evidence we are of opinion the court did not err in admitting the testimony of Matilda Noel. It was, it may be, but a slight circumstance, still it tended to show the bent of defendant's mind, and when read in the light of these other facts, tended further to show who the party was the defendant referred to when he told the witness that 'he had a good thing, but it was not black.' ''.

It is permissible to corroborate the prosecutrix in a seduction case by circumstantial evidence, and in such case authorities are without number holding that any circumstance, however inconclusive in itself, which might shed light upon the issue, would be admissible. Many authorities are collated by Mr. Vernon on pages 595-596 of his Annotated C. C. P., in line with the above. In the instant case there is not a suggestion that appellant had gone with any other girl than prosecutrix about June or July of said year, nor that he had promised to marry any other girl, nor that he was concerned about the pregnancy of any other. Those matters in the statement of appellant to the doctor which to his counsel seem to indicate some person other than prosecutrix, may easily be attributed to his anxiety to induce the doctor to grant his request for aid, to make the doctor believe it a case where the young woman was unfortunate and deeply in need of relief, when in reality appellant's only concern was that his wife not find it out or be humiliated thereby, a result as certain from the unfortunate plight of prosecutrix as from a similar condition on the part of another who more loudly proclaimed her wrongs.

The contention of appellant seeks base on a monstrous proposition, that in addition to a courtship of this unfortunate girl, so far cloaked under the mask of honor as that he asked the consent of her widowed mother to their marriage, and her debauchery under promise of marriage; he would also have us believe that at the very identical time this was going on, there was another girl whom he had promised to marry, and of whose child begotten under such promise he was father, and of whose ruin and shame he was careless and forgetful if only he could prevent publicity by getting the doctor to perform an abortion on her. In our opinion the evidence was admissible.

Appellant had a bill of exceptions complaining of the refusal of the trial court to submit to the jury a special instruction asked by him predicated upon the hypothesis that if the carnal intercourse was granted upon a conditional promise of marriage, there could be no guilt. The only basis appearing in the testimony for such charge is the statement of the young lady that he told her he would marry her just as soon as he could, that he was going to sell some land and prepare and as soon as he could provide like he wanted to that they would marry. This is not that character of condition involved in a promise to marry one who yields herself to the sexual embraces of a man who makes such promise as prevents it being seduction. In Barnes v. State, 37 Texas Crim. Rep. 328, we held that where

the accused promised to marry prosecutrix when he got out of his trouble, that this was not a conditional promise but was merely fixing the time for the proposed marriage. Such appears to be the situation in the instant case. The matter appears sufficiently plain not to need further argument.

By another bill of exceptions appellant complains of the refusal of a special charge instructing the jury that they would be bound to consider the first act of intercourse, if any, as a basis of the prosecution for seduction, and could not consider any subsequent act of intercourse, if any, in determining defendant's guilt. Abstractly stated this does not present a correct proposition of law, because the other acts of the accused might be considered in determining his guilt even though not relied upon as forming the basis for the prosecution. As applicable to the instant case, however, we observe that in the charge as given the learned trial judge instructed the jury that the promise of marriage by the man, and the yielding of her virtue by the female in consideration of that promise, constituted the gist of the offense, and that if an unmarried woman once has carnal intercourse with a man, that a subsequent intercourse with such man induced by a promise of marriage would not constitute seduction. This we think sufficiently presented the issue contended for by appellant. The testimony of the prosecutrix would not seem to support the proposition that the first yielding of her person to appellant was based on anything else except the promise of marriage. She said they had been engaged for a year prior to such yielding and that at the time it took place appellant reminded her of their engagement and told her they were as good as married, etc.

This disposes of the contentions made on behalf of appellant, and being unable to agree with any of them, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

January 2, 1924.

LATTIMORE, JUDGE.—It is again insisted that the testimony of Dr. Douglass detailing the conversation had with appellant, was wrongfully admitted, it being urged that in such testimony there was nothing to point out or individuate prosecutrix as the person had in mind by appellant in what he said to the doctor. The dissenting opinion in Knight v. State, 64 Texas Crim. Rep., 541, 144 S. W. Rep. 992, is cited and chiefly relied on as authority for the contention. The distinguished writer of said dissent discusses at length the inadmissibility of certain statements attributed to the accused which were put in evidence against him in that case, and it is clearly shown that in the opinion of the writer the person or persons referred to by the accused could not have been the prosecutrix in that case. We find such

expressions used in the opinion as the following: "This testimony shows that he could not have referred at the time to prosecutrix or intended to individuate her in any manner as the party to whom he referred." After full discussion the conclusion of the writer is thus expressed: "In order that this evidence could have any bearing in this case it must in some way connect itself with prosecutrix or show by the facts that appellant had her in mind at the time he had the conversation with the two witnesses." We are in accord with the principle announced in this conclusion. We know of no case holding that the person referred to in a statement of the accused offered against him as a criminating circumstance, must be named. The rule applicable is stated in our former opinion. In Hinman v. State, 59 Texas Crim. Rep. 32 it was in testimony that the accused said to a witness that he contemplated stealing a girl and wanted the witness to help him. This was objected to. It appeared by other testimony that the accused tried to get others to take the girl to Eastland so that he could marry her. This court, speaking through Judge Ramsey, with the concurrence of the other judges, said:

"In view of the relations of the parties, their frequent association, and the fact that several of the witnesses say that appellant was madly in love with Miss Barefield, and in the absence of any testimony that his remark about stealing a girl could have had application to anyone else, we think it is so connected with and had such evident and certain relation to Miss Barefield as to render it clearly admissible."

In Merrell v. State, 70 S. W. 981, a seduction case, this court said: "Statements of the appellant which are criminative in their nature and which tend to connect him with the crime committed are always admissible." We regard these as conclusive against the contention of the appellant. While the prosecutrix was not named in the conversation, the other evidence in the case so strongly tended to bear out the theory that she was the girl had in mind by him in what he said to the doctor as to make his statements susceptible of probative force.

It is also urged that the trial court should have given a requested special charge containing the proposition that if the prosecutrix submitted to appellant on a conditional promise to marry, he would not be guilty. The only evidence raising such issue was that of the prosecutrix when she said that she had been engaged to appellant for some time and that he told her they would get married as soon as he could sell some land and get ready to marry her. The special charge was as follows:

"Gentlemen of the Jury: You are further instructed as a part of the law of this case, that if you believe from the evidence herein that the promise of marriage, if any, alleged to have been made by the defendant to the prosecuting witness, Ruby Light, was a conditional

promise based upon the happening of something in the future, then you are instructed that such conditional promise is not such a promise upon which a prosecution of seduction could be based.''

Appellant insists that in announcing the principle applicable we misunderstood the effect of the opinion in Barnes v. State, 37 Texas Crim. Rep. 328, cited by us. We do not think so. In that case there was some testimony tending to support the proposition that the accused said to prosecutrix, among other things, that he would marry her when he got out of his trouble (meaning a criminal prosecution pending against him). We held, Judge Davidson writing for the court, that this was not such conditional promise as would affect the question of seduction and that such a promise could but relate to the time of, and not to the fact of, such future marriage; and that the special charge asked in this regard was properly refused. In our opinion the authority was directly pertinent. A promise to marry as soon as he could sell certain land could but relate to the time of and not to fact of such promise to marry. If a woman yielded through lust, fear or a promise to marry if she become pregnant, etc., this would have no relation to the question of the time of the marriage or when same should take place, and would remove from the act of carnal knowledge a factor absolutely necessary in seduction, i. e. that the woman yielded in reliance only upon a promise to marry. Simmons v. State, 54 Texas Crim. Rep. 625; Mulhouse v. State, 56 Texas Crim. Rep. 288; Browning v. State, 64 Texas Crim. Rep. 148; Hunt v. State, 85 Texas Crim. Rep. 622.

Regretting our inability to agree with any of the contentions made by the accused, the motion for rehearing will be overruled.

*Overruled.*