ADDRAN CARPENTER V. THE STATE.

No. 19602.   Delivered May 4, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*Tom L. Robinson,* of Gatesville, and *Eidson & Gordon,* of Hamilton, for appellant.

*Harry W. Flentge,* District Attorney, of Gatesville, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is seduction; the punishment, confinement in the penitentiary for four years.

Jocie Bailey testified, in substance, as follows: She began going with appellant in September, 1934. Their association continued until January, 1935, when appellant joined a CCC camp in Brownwood. During his absence she and appellant corresponded regularly. After appellant returned to Hamilton County

he began to visit her two or three times a week. These visits continued until September 19, 1936. Appellant began making love to her and, on the 4th of July, 1936, they became engaged. On the 19th of September, 1936, appellant persuaded· her to have an act of sexual intercourse with him. At this juncture we quote from her testimony as follows: "I yielded to him because we were going to be married. Well he said we were going to be married anyway, that it didn't make any difference to him, that if I loved him that we were going ahead and be married and if I did I would prove to him that he was the first one I had ever had intercourse with. Yes, I loved him at that time. At the time I committed that I believed that we would be married the next few weeks."

After seducing her appellant left the county. She became pregnant and gave birth to a baby on the 31st of May, 1937.

The State introduced in evidence several love letters written by appellant to the prosecutrix during the time he was in the CCC camp in Brownwood. A witness for the State testified that appellant told him sometime in October, 1936, that he and the prosecutrix were engaged to be married.

On the 13th of January, 1937, prosecutrix and her brother-in-law J. W. Ray went to Brown County for the purpose of seeing appellant. Ray said to appellant: "I guess you know what we came out here for." Appellant replied: "Yes, I have an idea what you are out here for." Appellant also said: "All I can do is just to marry her." Appellant promised to meet prosecutrix in Brownwood at an appointed time and marry her. This he failed to do.

Appellant did not testify.

Appellant's first application for a continuance was based on the absence of the witness Buck Tackett, who would have testified, according to the averments in the motion and the affidavit of the witness attached to the motion for new trial, that on the 8th of December, 1936, he heard prosecutrix tell appellant that she did not want him to marry her but only desired that he furnish her some medicine with which to procure an abortion. Upon the trial prosecutrix denied that she had made this statement to appellant. There is nothing to show what appellant said to prosecutrix at the time in question. Appellant takes the position that the testimony of the witness was more than impeaching in nature and was admissible as original evidence. Moreover, he insists that the statement of the witness tended to refute the testimony of prosecutrix that he had promised to marry her. We do not· decide whether the testimony was more than im-

peaching. In view of the uncontroverted testimony to the effect that appellant left Hamilton County after seducing the prosecutrix and that thereafter, in company with others, she sought him in an effort to induce him to marry her, we think the only proper inference to be drawn from her alleged statement to the appellant is that his refusal to comply with his obligation provoked the declaration that she did not want him to marry her. It does not appear that appellant was asking the prosecutrix to marry him at the time she made this statement. In the light of the evidence adduced upon the trial, the opinion is expressed that in overruling the motion for new trial the court was warranted in reaching the conclusion that it was not probable that if the absent testimony had been before the jury a verdict more favorable to the appellant would have resulted. We quote from Branch's Ann. P. C., Section 319, as follows:

"It is not in every case, however, where the absent testimony is material and probably true, that the Appellate Court will revise the ruling of the trial judge in denying a continuance and a new trial to defendant. It is only in a case where, from the evidence adduced on the trial, the Appellate Court is impressed with the conviction, not merely that the defendant might possibly have been prejudiced in his rights by such ruling, but that it was reasonably probable that if the absent testimony had been before the jury a verdict more favorable to the defendant would have resulted."

In argument to the jury the district attorney said: "Johnny Jones, a witness for the State, testified that the defendant told him that he, the defendant, was engaged to marry and was going to marry the prosecutrix, Jocie Bailey, and Johnny Jones stands unimpeached." It is appellant's contention that the statement of the district attorney constituted a reference to the appellant's failure to testify. We are unable to agree with appellant. The bill of exception is qualified by the trial judge as follows: "It was apparent that the district attorney used the word 'unimpeached' in the sense that no witness testified Jones was not worthy of belief."

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant, in a very able and plausible motion for rehearing, insists that the Court erred in holding the evidence sufficient to sustain his conviction in this: That the prosecutrix was not corroborated with reference to her age; that age is an element of the offense of seduction as much as the promise of marriage or the act of sexual intercourse. Therefore, he contends, her testimony with reference to her age being under twenty-five years is required to be corroborated.

We are not in accord with his contention. The time of the birth of the seduced female or her age is no act of either the seducer or the seduced party. It is an element of the offense which is made so by the law and for which neither of the acting parties are responsible. Therefore we do not think it necessary that the seduced female be corroborated on any constituent element of the offense which neither she nor her seducer by any word or act produced, or for which neither of them was in any way responsible. The question was before this Court in the case of Williams v. State, 128 S. W. 1120, and was decided adversely to appellant's contention. See also Hunt v. State, 214 S. W. 983, and authorities there cited.

Appellant also contends that we erred in our original opinion in holding that the argument of the district attorney, as set out and discussed therein, was not a reference to the defendant's failure to testify. We have again examined the authorities and see no good reason for receding from our original position.

We have considered all of the other matters assigned as error and discussed at length by appellant in his motion, but remain of the opinion that the proper disposition was made of the case on original submission.

Consequently, the motion for rehearing will be overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.