## LOUIS KALSKY v. THE STATE.

### No. 1278.    Decided March 3rd, 1897.

**1.  Bill of Exceptions.**

A bill of exceptions reserved to a question asked a witness by the District Attorney, is too indefinite to require consideration, which fails to show any of the facts surrounding the transaction.

**2.  Same—Burglary.**

On a trial for burglary, a bill of exceptions reserved to the court's allowing the State to inquire into any other acts of burglary charged against defendant growing out of the sale of tools by defendant to one S.. is insufficient where it fails to recite what other acts of burglary were charged or what was the testimony complained of.

**3.  Same.**

A bill of exceptions reserved to questions asked the defendant as a witness, if his statements, made while in arrest to the officers having him in custody, were not false. Held: Defective and insufficient in failing to show that defendant ever answered the questions, or what was the nature of said statements or whether they were drawn out from defendant at all.

**4.  Same—"Res Gestæ"—Charge.**

On a trial for burglary, where the court instructed the jury, in effect, that certain evidence had been introduced for the purpose of developing the "res gestæ" of the alleged offense and properly limiting the purpose and effect of such testimony; and it was objected that the charge was defective, "in failing to show to the jury what the "res gestæ" was. Held: The charge is in the usual form and sufficient.

APPEAL from the District Court of Bexar. Tried below before Hon. ROBERT B. GREEN.

Appeal from a conviction for burglary; penalty, two years' imprisonment in the penitentiary.

The indictment charged appellant with the burglary of the house of Aloys Altmann. The house was a blacksmith shop and a number of tools were taken therefrom, and, among other things, two screw-plates valued at $25. Louis Shields testified, that he bought these screw-plates from defendant for $25, and that he put them in his house under the bed; and, in about three weeks thereafter defendant came and entered his house and took them without his knowledge or consent. That he afterwards asked defendant for them, and he said he had taken them to the man they belonged to. He says: "I told him if he did not return them, I would make him trouble, to which he replied that he didn't care, as he had had lots of trouble before."

George Shoaf testified, he was a detective employed by the city of San Antonio, and that he found the two screw-plates under the house in

which the defendant lived. "Defendant was in jail at the time I found the tools."

Defendant, as a witness, testified, that he had bought the tools from a white man he did not know, but who gave his name as Powell Hatton. Defendant acknowledged, that he had told Constable McClosky, when he was in jail, a lie about the tools, and how he had gotten them from Shields' house.

*W. H. Booker*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years in the penitentiary, and he prosecutes this appeal. The first bill of exceptions recites that the "District Attorney was allowed, over the protest of the defendant's counsel, to ask the said witness, Louis Shields, how defendant procured certain tools from him (Shields), and all about the transaction had between the defendant and Shields in regard to the purchase of said tools. Defendant's counsel objected in open court, and files this his bill of exceptions." It will be seen that this bill is too indefinite to require consideration. It fails to show any of the facts surrounding the transaction or conversation that occurred between defendant and Shields. In his second bill of exceptions "he objected to the State inquiring into any other acts of burglary, charged against defendant, growing out of the transaction defendant had with the tools in question, or any other crime or transaction defendant had been charged with—any other business. The District Attorney was allowed to ask defendant all about the transaction had between defendant and Louis Shields, the witness for the State, in regard to the sale of the tools by defendant to Shields, to which the defendant objected, and files this his bill of exceptions." This bill fails to recite what other acts of burglary were charged "against defendant, if any, growing out of this transaction defendant had with the tools in question, or any other crime or transaction defendant had been charged with—any other business." What the testimony was of which he complains this bill does not recite, or attempt to recite, and we cannot supply by inference or guesswork the testimony that should have been placed in this bill of exceptions. It may have been legitimate and proper to prove all about the transaction that occurred between defendant and Shields. The third bill of exceptions recites that the "District Attorney was permitted by the court, over objection of the defendant's counsel, to ask defendant all the statements he made to the officer in charge of the defendant while in jail and under arrest,—if the statements made then are not false; to which defendant objected, and files this his bill of exceptions." What the statements made by defendant were is not shown by this bill. It is not shown that defendant ever answered any of the questions, and we are left to surmise in regard to the statements and

their nature, or whether they were drawn out from the defendant at all. It is not shown that he answered any of these questions   It may have been legitimate and proper, or even beneficial to the defendant; but this bill of exceptions leaves us absolutely in the dark as to the history of the whole matter about which he is urging his objections.   The charge of the court with reference to recent explanation of his possession of the property shown to have been taken from the burglarized house is in consonance with the decisions of this court.   See Wheeler v. State, 34 Tex. Crim. Rep., 350.   Error is assigned, also, on that portion of the charge of the court which limited the effect of the testimony as to certain stolen property taken from the alleged burglarized house.   It is contended that the charge is defective ''in failing to show to the jury what the res gestæ was, and leaving the jury to conclude this from a legal phrase, obtuse in its bearing, and generally unknown to juries.'' The charge in reference to this question is in the usual form, and sufficient; this part of the charge being perhaps favorable to the defendant. The testimony with reference to the defendant's poseession of the stolen property, or the property taken from the burglarized house, was relied upon by the State to a very large extent to show the defendant guilty of the burglary; and the court instructed the jury properly in regard to this matter, limiting the effect of this testimony to its proper office.   We think the charge was applicable to the state of case found in this record as made by the statement of facts.   We think the charge of the court sufficiently presented the law applicable to the facts proved upon the trial, and the allegations contained in the indictment.   The judgment is accordingly affirmed.

*Affirmed.*