## A. A. PIERCE v. THE STATE.

### No. 3978. Decided October 28, 1908.

**1.—Rape—Evidence—Confessions.**

Where upon trial for rape the defendant's statement to the officer was shown to have been made after being duly warned, etc., reduced to writing and signed by defendant, the same was in compliance with law.

**2.—Same—Secondary Evidence—Loss of Written Statement.**

Where upon trial for rape it was clearly shown that the instrument containing the written statement of the defendant legally taken had been lost and could not be found after diligent search, evidence of its contents was properly admitted.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben. H. Denton.

Appeal from a conviction of rape; penalty, imprisonment for life. The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of rape upon a child seven or eight years of age and given a life sentence in the penitentiary. Appellant was a man about seventy-four years of age and lived in the house of the family of which the little girl

was a member. The little girl was placed upon the stand and testified in substance that appellant had intercourse with her. Her mother testified that after she ascertained the fact that the occurrence had taken place she examined the child and had a physician also to examine her. The mother testified that the private parts of the little girl were swollen and sore and to use her expression "she walked spraddle legged" for four or five days. The doctor testified that the little girl was abnormally developed for a child of her age—so much so that he could have placed his two fingers in her private parts with but little pain to the child—and that her private parts had been entered by something and that they were considerably distended. The brother of the little girl testified that he saw the appellant and his little sister lying on the bed; that she was lying on her side and appellant lying on his side with the little girl's clothes up and with his private parts out, and that he was pushing against her and making movements as if in the act of copulation. Appellant made two statements while under arrest, one to the magistrate and the other before the grand jury. Both were reduced to writing and signed by him. He denied, in these statements that he had had intercourse with her but admitted that he had her on his lap at the time in question with his hand under her dress and on her private parts. Appellant also stated that this was the extent of his criminal conduct. We are of opinion that this testimony is sufficient under our authorities.

Exceptions were taken by appellant to the introduction of his conversation or statements to the justice of the peace, as well as before the grand jury. Several objections were made, none of which, we think, were well taken. With reference to the statements to the justice of the peace, it was shown that they were made after being duly warned, reduced to writing and signed by appellant. This was in compliance with the Act of the Thirtieth Legislature, page 219. With reference to this particular statement it was shown that the written statement itself had been lost and search had been made for it but it could not be found. Evidence of its contents were adduced before the jury. Objection was also urged to this. We are of opinion that the proper predicate was laid for proving the contents of the instrument. It is shown clearly that the instrument had been lost and could not be found and that diligent search had been made for it. With reference to his evidence before the grand jury it is shown that it was at his request and that he went voluntarily before that body to make a statement and did make it, and that it was reduced to writing and signed by him. We think this was admissible under our decisions. The question has been discussed frequently and this character of evidence given before a grand jury has been held admissible. See Grimsinger v. State, 44 Texas Crim. Rep., p. 1; Wisdom v. State, 42 Texas Crim. Rep., 579. These cases collate the authorities and discuss the question rather fully.

As the record is presented, we are of opinion that there is no such error shown as would require a reversal of the judgment and it is, therefore, affirmed.

*Affirmed.*

Ramsey, Judge, absent.