## BEDFORD BROWNING V. THE STATE.

### No. 1382.   Decided December 13, 1911.

### Rehearing denied January 10, 1912.

**1.—Seduction—Evidence—Leading Questions.**

Upon trial of seduction there was no error in permitting the State to ask the prosecutrix to tell the jury why it was that she submitted to intercourse with the defendant and to give her reasons for doing so; and there was no reversible error, in the light of the entire record, to ask her the question, if she had not been engaged to defendant, would she have consented to the intercourse?

**2.—Same—Evidence—Declarations of Defendant.**

Upon trial of seduction there was no error in admitting in evidence the fact that the defendant voluntarily appeared before the grand jury and admitted having had sexual intercourse with the prosecutrix, although this is not in writing.

**3.—Same—Continuance—Bill of Exceptions.**

The overruling of an application for continuance will not be considered on appeal, in the absence of a bill of exceptions.

**4.—Same—Motion for New Trial.**

Where the motion for new trial complains of the admissibility of the testimony, and there are no bills of exception reserved thereto, there is nothing to review.

**5.—Same—Charge of Court—Weight of Evidence.**

Where the charge of the court merely defined seduction and the elements of that offense, and did not indicate to the jury the opinion of the court as to the virtue of the female seduced, it is not on the weight of the evidence.

**6.—Same—Charge of Court—Corroboration.**

It is proper for the court to submit the question as to whether or not the testimony of prosecutrix was corroborated in a trial for seduction; besides, no error is pointed out.

**7.—Same—Charge of Court—Practice on Appeal.**

Where the objection to the court's charge simply is, that it does not correctly state the law, the same is too general.

**8.—Same—Charge of Court—Conditional Promise—Supplemental Charge.**

Where, upon trial of seduction, the defendant requested that the theory of conditional promise to marry should be submitted, which the court did in a supplemental charge, there was no reversible error.

**9.—Same—Sufficiency of the Evidence.**

Where, upon trial of seduction, the corroboration of the prosecutrix' testimony to the acts of carnal intercourse and promise of marriage were sufficient, a conviction was sustained.

**10.—Same—Newly Discovered Evidence.**

Where none of the affidavits filed alleging newly discovered evidence dealt with events at the time of or prior to the acts of intercourse alleged, but related to subsequent matter, there was no error in overruling a motion for new trial on this ground.

**11.—Same—Public Policy.**

Where convictions for seduction are sustained by the evidence, public policy demands that they should be affirmed.

Appeal from the District Court of Hunt. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of seduction; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*J. S. Sherrill* and *Evans & Carpenter,* for appellant.—On the question of the insufficiency of the evidence: Putman v. State, 29 Texas Crim. App., 454; Simmons v. State, 54 Texas Crim. Rep., 619.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted by the grand jury of Hunt County, charged with seduction. When tried, he was convicted and his punishment assessed at three years confinement in the penitentiary.

1. There are but two bills of exception in the record. In one it is complained that the prosecuting witness, Dollie Thornberry, was asked to "tell the jury why it was you submitted to intercourse with him (meaning defendant) and give your reasons for doing it." The witness answered, "Well, it was because I loved him, had all confidence in him, and because I didn't have any idea he would do me like he has done, and I loved him better than I loved anybody else, and never had any idea of his doing as he has done." Whereupon the district attorney asked the witness, "If you had not been engaged to marry him at that time would you have given him the privilege of having intercourse with you?" to which the witness answered, "No, sir." The first question is not objectionable, and while the second may be leading in its nature, yet in this character of case, especially in the light of the entire record, it is not such error as would be cause for a reversal of the judgment, as all the testimony elicited thereby is clearly admissible in evidence.

2. The second bill complains that a member of the grand jury was permitted to testify that appellant appeared before them as a witness and admitted that he had sexual intercourse with the prosecuting witness. The court, in approving this bill, states, "The only objection made to the introduction of this evidence was, that the statement made by defendant before the grand jury was not reduced to writing and signed by defendant. The evidence showed that the defendant was not under arrest at the time he went before the grand jury, but that he appeared before said body and after due and legal warning, made his voluntary statement." The defendant accepted and filed this bill with this endorsement thereon, and we presume it correctly states the facts. A voluntary statement made by a defendant, when not under arrest, in regard to the case on trial, is always admissible when offered by the State, and that this statement was made under the sanction of an oath could not affect its admissibility, if voluntarily made.

2. We can not consider the action of the court in overruling defendant's application for a continuance, as no bill of exceptions appears in the record reserved to the action of the court in so doing.

3. Neither can the court consider the grounds alleged in the third, fourth, fifth, and sixth paragraphs of the motion for a new trial. They all complain of the admissibility of certain testimony, without stating the testimony, and no bill of exceptions was reserved to the action of the court in admitting it.

4. In the eighth paragraph of the motion, the defendant complains of the following paragraph of the court's charge: "You are instructed that 'seduction,' as used in the statute, means to lead an unmarried female under twenty-five years of age away from the path of virtue; to entice or persuade her by means of a promise of marriage to surrender her chastity and have carnal intercourse with the man making the promise. The promise of marriage by the man, and the yielding of her virtue by the woman, in consideration of that promise, constitute the gist of the offense. The offense is not complete until the female has been seduced, that is, corrupted, deceived, drawn aside from the path of virtue which she was pursuing." The objections being that it is on the weight of the testimony, and was calculated to make the jury believe that the court was of the opinion that Dollie Thornberry was a virtuous female. The charge is not subject to these criticisms. It is but a definition of the term "seduction," and is merely stating the elements of the offense, and there is nothing therein to indicate to the jury that the court had any opinion of the virtue of the female alleged to have been seduced.

5. The ninth and tenth grounds of the motion state the court erred in the third and fourth paragraphs of its charge, "wherein it submitted to the jury the question as to whether or not the testimony of the prosecutrix was corroborated." It was proper for the court to submit this issue to the jury, and as it is not attempted to point out any error in the charge, these grounds are too general to be considered by this court.

6. Paragraphs 10a and 10b are too general to be considered, as therein it is not attempted to point out any error in the charge, merely stating "it does not correctly state the law," and erred "wherein he attempted to submit defendant's theory."

7. The court charged the jury in a supplemental charge: "If you believe from the evidence that the defendant and Dollie Thornberry, were engaged to be married at the time of the act of carnal intercourse between them, if any, but that the said Dollie Thornberry, was not induced to have carnal intercourse with the defendant by reason of such engagement, if any, but that she submitted to him, if she did, relying upon the conditional promise that the defendant would marry her if anything happened, if any such promise was made, or if you have a reasonable doubt as to this issue, you will acquit him." This charge is almost in the language of a couple of special charges requested

by defendant, and presents one theory of the case relied upon by defendant, and the defendant having requested that this theory of the case be presented, he can not now complain that the court did do so in a supplemental charge. In addition to this supplemental charge, the court, in his main charge, instructed the jury:

"If you believe from the evidence that the defendant had carnal knowledge of the said Dollie Thornberry, on or about the date alleged in the indictment, but if you further believe that at the time of said act of carnal intercourse, if any, that the defendant had not previously promised to marry her, the said Dollie Thornberry, or if you have a reasonable doubt as to this issue, you will acquit him. Or if you believe from the evidence that the defendant and the prosecutrix, Dollie Thornberry, at the time of the act of carnal intercourse, if any, were not engaged to be married, and that the said defendant only promised to marry her, the said Dollie Thornberry, in the event she became pregnant, and that she, the said Dollie Thornberry, submitted to the defendant on this conditional promise, if any, or if you have a reasonable doubt as to this issue, you will acquit him."

These paragraphs of the court's charge covered the entire theory of defendant's defense, and all that was proper to be given requested in the special charges, and there was no error in refusing to give the special charges, they having been covered in the main charge, and in the supplemental.

8. Appellant insists that the testimony is insufficient to support the conviction. The prosecuting witness testifies to an engagement to marry; in this she is corroborated by her brother, and by the witness, Roy Hodge. She testifies that she relied on this promise and that it was the inducing cause for her to submit to him. In the fact that appellant had carnal intercourse with her at the time she states in her testimony, she is corroborated by two members of the grand jury who state that defendant appeared before the grand jury and was told that they were investigating a charge of seduction against him, and then told him that he did not have to make any statement, and that if he did do so, it could be used against him, and he voluntarily stated that he had intercourse with the prosecuting witness, placing it, according to Mr. Elliott, at the very time and place alleged by the prosecuting witness. The witness states defendant denied any promise of marriage, but one of the witnesses states he admitted having intercourse with her on several occasions. Thus in this case the witness is corroborated by positive testimony both as to the promise of marriage, and as to the act of intercourse. The question of whether the promise of marriage was the sole inducing cause was fairly and fully submitted by the court to the jury, and while the testimony of the State and the defendant, on this point, as well as a promise of marriage, is conflicting, yet the jury, with the issue fairly submitted to them, finds against appellant, and it is not proper for us to disturb that finding, if there is

evidence to support it, and in this case there is evidence of that character beyond question.

9. The ground in the motion alleging newly discovered testimony does not state facts which would authorize us to disturb the verdict. The affidavits of witnesses that they had seen the prosecuting witness at different times in the winter and spring, and nothing in her appearance indicated pregnancy, nor the affidavit of the physician that he, from appearance, did not think the prosecuting witness was more than four or five months advanced in pregnancy, at the time of trial, do not alter the fact that the prosecuting witness testifies to an act of intercourse with defendant under promise of marriage at a given date, and that defendant admitted such intercourse at said time, if we are to believe the members of the grand jury. It could make no difference if the act of intercourse with the defendant was the first act of intercourse, and prosecuting witness was induced to submit thereto by the conduct of defendant under a promise of marriage, that subsequent to this date, "one evening after school, she was seen out under some trees talking to Cyrus Graham, and as the teacher went to leave he told her it was against the rules to remain and talk with the boys after school." None of the affidavits filed, alleging newly discovered evidence, deal with events at the time of or prior to the act of intercourse on which this prosecution is based, but all relate to subsequent matters. That at this time and always prior to that time, the prosecuting witness bore a good reputation for virtue and chastity, is testified to by a number of citizens who had known her from her childhood, and there were none to say that she bore other than a good reputation in that respect up to that time. To pick out "suspicious circumstances" occurring subsequent to this time, would not be grounds for a new trial, when no witness alleges anything that would show her guilty of any real wrongful act in their affidavits.

Appellant's able counsel have filed a brief in which they make an eloquent plea in behalf of the young man, and it is true, as they say: "To be incarcerated in the penitentiary for a term of years, is a matter of the utmost concern to appellant. To be taken from his young wife and confined in a felon's cell, is a punishment which ought not to be inflicted on him, except on the most clear and convincing proof. It will take from him the beauty, the hope, the ambition of life, and leave it only an empty shell. No words can portray the anguish which such punishment must bring to his wife." But who can picture the woe of Dollie Thornberry? It had been better the defendant had tied a mill-stone around her neck and thrown her into the sea. Her life in the future is but a hell here on earth—shunned by and denied association with womankind—to live a life of isolation, want and drudgery. If there was but one case of this kind, it might be that those in whose hands are placed the power to pardon, could say the injury has been done, and the act was committed while both were young and thoughtless, and it will make the young man no better citi-

zen to confine him in penitentiary walls. But to one who sees the records that come to this court, when the jury, who sat in judgment in the ·case, has found that a young girl has been led from the path of virtue by the blandishments and seductive wiles of a defendant, and the evidence justifies that finding, the case appears in a different light and we will not disturb the verdict, for this is a crime that should be suppressed in so far as it lies in the power of man, and there is no surer way to accomplish this than to let all men know that punishment for wrongdoing is sure and certain.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied January 10, 1912.—Reporter.]