## Bob Davis v. The State.

No. 11979.   Delivered December 19, 1928.
Rehearing denied March 13, 1929.

The opinion states the case.

*Morgan & Morgan* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is attempting to pass a forged instrument; the punishment confinement in the penitentiary for two years.

After the adjournment of court appellant filed an appeal bond, which was approved by the sheriff. The record fails to disclose that said bond was approved by the court trying the case. Article 818 C. C. P. requires that the appeal bond be approved by the sheriff and the court trying the case, or his successor in office. In the absence of a recognizance or appeal bond approved as the law requires, this court is without jurisdiction to pass on the merits of the case. Jones v. State, 267 S. W. 985.

Appellant is granted 15 days in which to file a proper appeal bond. The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—The appeal in this case was dismissed at a former day for lack of a proper appeal bond. Within the time allowed, the defect has been cured and the appeal is now re-instated and the case decided on its merits.

Five bills of exception appear in the record. Bill No. 1 is to the refusal of a continuance sought because of the absence of Charlie Hart. In a qualification to this bill the court says there was no showing of diligence to get Hart, and the facts are set out in the qualification. Hart testified on a former trial of this case in Hunt county. Venue was changed to Hopkins county. The trial term convened in Hopkins county on January 23, 1928. Hart was not then in attendance. No process was asked for him. The criminal docket was taken up February 6, 1928. Hart was still absent, but no attachment was asked or other process at that time. On February 17, 1928, a subpoena was issued to Hunt county for Hart, returnable February 20th. It was returned not served. These facts wholly fail to show diligence. We see no necessity for citation of authorities supporting so plain a proposition.

Bill No. 2 sets out a question asked, and also what counsel intended to elicit thereby, but the bill fails to state what the answer of the witness would have been. Such bill is manifestly insufficient. Kalsky v. State, 37 Texas Crim. Rep. 247.

Bill No. 3 sets out alleged error in the refusal of the court to allow in evidence all of a written statement made by appellant's wife before the grand jury, it being stated that counsel for the State had read from such written statement in asking of said wife a question on cross-examination. The court makes the statement in a qualification to this bill that when the State's attorney questioned Mrs. Davis, he had before him a piece of paper, none of the contents of which were introduced in evidence, and which the court did not know, which was not shown to be a statement made by Mrs. Davis anywhere; that no part of any statement made by Mrs. Davis before

the grand jury was introduced in evidence. Accepting this as true, there is no merit in the bill. For another reason, the bill brings nothing before us. It is this: Art. 728 C. C. P., goes no further than to say that when any part of an act, declaration, conversation or writing is given in evidence by one party, the whole *on the same subject* may be put in evidence by the other party. Plainly an application of this to a case where it was shown that a witness was asked if she had not said in writing before the grand jury "Bob Davis and I came to Greenville, brought this bond and offered it to Walter Waid, who said the bond was not good," would afford excuse only to the opposite party for introducing such part of the written statement in question as bore "on the same subject." This bill to be good would have to set out that part of the statement "on the same subject," which was not admitted. This it does not do, either in words or substance. As affecting this question see Earnest v. State, 83 Texas Crim. Rep. 257; Wood v. State, 80 Texas Crim. Rep. 398; Payne v. State, 85 Texas Crim. Rep. 288; Miller v. State, 92 Texas Crim. Rep. 259.

Bill No. 4 seems taken to the refusal to admit in evidence a written statement made before the grand jury by Jeff Davis. Such written statement, if any there was, is not set out in whole or in part in the bill, and we can not therefore appraise the soundness of this complaint. One offering such testimony, in order to show to us that error has been committed, must not only set out in his bill in words or substance the rejected testimony, but must show therein further such facts as will enable us to determine the justness of his contention.

Bill No. 5 sets out that the court erred in not admitting a statement made by appellant before the grand jury, it being stated that the court had permitted the district attorney to ask appellant various questions regarding such statement. The qualification appended to this bill states that the district attorney was permitted to ask appellant while a witness if he had not said certain things, and to read to appellant from a statement made by appellant before the grand jury; also that on redirect examination appellant's attorney was permitted to ask him relative to all matters thus brought out by the State's attorney regarding what he said before the grand jury, but no part of the statement having been offered in evidence by the State, it was not deemed admissible on behalf of the appellant. We have examined the supposed written statement of appellant, attached to this bill, which statement however is in no way certified or verified as

having been made by appellant before the grand jury, but if it was so approved, there seems nothing in it explanatory of or in aid of appellant's testimony as given from the witness stand on this trial.

Appellant asked four special charges, two of which were given and two refused. Complaint is made of the refusal of special charge No. 4 in which it was sought to have the jury told that if appellant was drunk at the time he attempted to pass the alleged forged instrument, and that as the result of such condition his mind was so affected that he did not comprehend that such instrument was forged, an acquittal should result. No authorities are cited in the brief. In our opinion such charge was properly refused. Little v. State, 42 Texas Crim. Rep. 551; Stoudenmire v. State, 58 Texas Crim. Rep. 258.

The facts seem to amply support the verdict and judgment. Appellant was with his kinsman when the latter tried to get one Anderson to sign an appearance bond. Anderson refused. Later appellant's kinsman signed Anderson's name to the bond, and, according to appellant's own statement, told the latter of the fact that he had so signed Anderson's name to said bond. Thereafter appellant tried to get the officers to accept said bond but was met with refusal.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion appellant places much reliance on the claimed error of the trial court presented in bill of exception number five and insists that our former disposition was erroneous.

Appellant was on trial charged with attempting to pass as true to the sheriff a bail bond purporting to bear, among others, the signature of A. Anderson as one of the sureties. It was alleged that Anderson's name was a forgery and that appellant knew this when he attempted to pass the bond to the sheriff. Upon the trial appellant testified on direct examination that he did not know it was a "forged bond" until so informed by his wife the next morning after it was presented to the sheriff. It was further developed from appellant on direct examination that he had made a statement with reference to the matter before the grand jury, and that after coming out of the grand jury room had said "I told it straight," and admonished his wife before she went before the grand jury to "tell it just like it is." Upon cross-examination appellant admitted in response to

the questions of the district attorney that he had testified before the grand jury as follows:

".  .  .  We went on to Weaver, Willie Davis, Jeff Davis, my wife and myself went together and Willie Davis took the bond to A. Anderson and asked him to sign it and he said he couldn't do it, Willie said that Mr. Anderson wouldn't sign it but that he was going to sign Mr. Anderson's name to it; I also testified there, on the way back home, somewhere I think between Sulphur Springs and Brasher the car was stopped and Willie Davis signed A. Anderson's name to the bond.  .  .  .  My wife and Jeff Davis were in the car with Willie when he signed A. Anderson's name to the bond."

It is certified in the bill that in eliciting the foregoing admissions from appellant the district attorney read from a written instrument attached to the bill and certified to be a copy of the entire statement made by appellant before the grand jury.  Immediately following the quoted admissions elicited from appellant on cross-examination there appears in the statement the following sentence:

"While I did not see Willie Davis sign A. Anderson's name to the bond, Willie told me that he had signed his name to it."

This is the only thing in the statement outside the admissions elicited on cross-examination that relates to the subject of Anderson's signature to the bond.  The remainder of the statement relates to securing the signatures of other persons to the bond and is wholly foreign to the matter under investigation.  The statement made by appellant before the grand jury in so far as it related to Anderson's signature was available to the state as original evidence aganist appellant as well as to impeach his evidence given on the trial.  After he admitted on cross-examination that his testimony before the grand jury was in direct contradiction to that given on the trial there was no necessity for the state to put the grand jury statement in evidence and it did not do so.  Appellant contends that in reading from the grand jury statement in forming his questions the district attorney had in effect placed in evidence that portion of the statement which appellant admitted he had made, and therefore argues that such action gave appellant the right to introduce the *"whole"* of the statement.  It is shown by the court's qualification that no restriction was placed upon counsel for appellant in interrogating him regarding the statement.  If under the circumstances the right accrued to appellant to introduce any part of the statement his contention, we think, is broader than the statute (Art. 728 C. C. P.), which only authorized him to place in evidence the whole of the statement which

bore upon the same subject. In disposing of appellant's contention it might be conceded that the court should have permitted appellant to introduce the single sentence heretofore quoted which bore upon Anderson's signature and which was omitted from the question propounded by counsel for the state, but the bill fails to show that appellant offered this particular portion of the statement, but he desired to introduce it all. In not admitting the particular portion of the statement referred to we are unable to perceive how the action of the court could have affected appellant injuriously unless we misapprehend the facts. The two questions the jury was investigating were whether Anderson's signature was a forgery, and whether appellant knew it at the time he tried to induce the sheriff to approve the bond. The very portion of the statement which appellant might have had a right to introduce as bearing upon the same subject appears to us to be injurious to appellant, rather than helpful. Therefore we must hold that however the action of the court may be regarded it presents no error for which this court would be justified in reversing the judgment.

The motion for rehearing is overruled.

*Overruled.*