**Alberta O'BRIEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39949.**

Court of Criminal Appeals of Texas.

Dec. 14, 1966.

Waldman & Smallwood, by Charles B. Smallwood, William D. Beggs, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., Thomas L. Hanna, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Commissioner.

The conviction is for murder; the punishment, ten years.

The trial was had after January 1, 1966, and notice of appeal was given on March 14, 1966.

The appellant was convicted for killing her husband by shooting him with a pistol on September 20, 1965.

■ The appellant assigns as error the refusal of the trial court to allow her to examine a transcript of her testimony before the grand jury.

The appellant requested and voluntarily appeared before the grand jury and testified pertaining to the charge against her in this case. A transcript was made of her testimony.

The appellant also testified in her own behalf on the trial on the merits. On cross-examination she was interrogated regarding her testimony before the grand jury.

In rebuttal the state called Wendell Radford, assistant district attorney, who was assisting the grand jury at the time the appellant voluntarily appeared and testified before the grand jury. He testified in part as follows:

"Q Were you the attorney that was present and asking her these questions?

"A I believe I asked her some and members of the Grand Jury asked her some questions.

"Q Now, I will ask you—

"A Members of the Grand Jury asked her some of the questions.

"Q Now, I will ask you whether or not these questions (apparently referring to the transcript of appellant's testimony) were asked Alberta O'Brien (appellant) and she testified—

"Appellant's Attorney: If it please the Court, we have not had any chance to see this or examine this. This has been in their closed files all this time. We would like to have an opportunity to examine what they are going to put in evidence here at this time.

"The Court: Not at this time.

"Appellant's Attorney: Note our exception."

No further request was made during the trial to see or to examine the transcript of appellant's testimony before the grand jury. No request was made during the trial to have the transcript included in the record and it does not appear therein. The assignment presents no error.

■ Error is assigned in the admission of the testimony of the state's attorney, Radford, of statements made by the appellant before the grand jury about an incident which the appellant had with the deceased

**406**

prior to the date of the shooting on the ground it was hearsay.

In rebuttal the state sought to discredit appellant's testimony given before the trial jury by showing that she had made inconsistent and contradictory statements before the grand jury.

Radford, as assistant district attorney, was present during the time the appellant appeared before the grand jury. Radford testified that he asked most of the questions directed to the appellant, that members of the grand jury asked some of them, and that he heard the testimony given by the appellant before the grand jury. The statements which Radford heard the appellant make while testifying before the grand jury were not hearsay.

The judgment is affirmed.

Opinion approved by the Court.