**Willie GRANATO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45965.**

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

Rehearing Denied April 25, 1973.

Second Rehearing Denied May 16, 1973.

Joe E. Briscoe and Allen Lee, Devine, Ben D. Sudderth, Comanche, for appellant.

J. Taylor Brite, Dist. Atty., Jourdanton, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted by a jury of the offense of theft by false pretext of money of the value of over fifty dollars; punishment was assessed by the court at three (3) years, probated.

In his grounds of error numbers three, four, five, eight and ten, appellant alleges error of the court in failure to grant various motions for instructed verdict. All add up to his complaint that the evidence is insufficient to support the verdict.

The basis of the State's case was a loan to appellant by the First National Bank in Pleasanton of $15,755.41, with collateral on, among other personal property, "12,000 feet of irrigation pipe free of all prior liens," which, so the State contends, was falsely and fraudulently misrepresented to the bank by appellant since it developed that there were only 1,200 feet of such lien free pipe available as collateral. The State further contended that the bank was misled by such false representation, and would not have made the loan had it known the truth about the quantity of lien free pipe.

Bill Dean, President of the First National Bank in Pleasanton, testified as a State's witness substantially as follows:

On or about January 17, 1968, appellant, who had been theretofore a customer of the bank for several years, approached Dean to make a sizeable loan to assist him in his farming operations. At Dean's request, appellant brought with him a list of his proposed collateral to secure the loan. The list included, as the top item, "12,000 feet irrigation pipe—Paid—Net Value $14,000.-00." "Net Value" meant lien free and fully paid for. Other personal property of appellant's was included, some of which admittedly was already mortgaged. Bill Dean and his father, Tom Dean, Chairman of the bank's Board of Directors, went with appellant to inspect the property and saw a lot of pipe which they did not measure, but which was represented to them by appellant as the pipe specified on the financial statement. They also saw other property on such list and were satisfied to make the loan. A promissory note for the amount of $15,755.41, dated January 17, 1968, due October 1, 1968, payable to the First National Bank in Pleasanton, together with the financial statement and a chattel mort-

gage on "12,000 feet of irrigation pipe, 6″ size," and other property described in the financial statement were duly executed by appellant and delivered to the bank, and appellant received the sum of $15,755.41.

Bill Dean testified, as did his father, Tom Dean, that they trusted appellant and relied on the truth of his statement. They each stated that the pipe was a material portion of the collateral and that the bank would not have made the loan had they known that their mortgage covered only 1,200 lien free feet of six inch pipe.

The loan was renewed from time to time and on five occasions during that period Bill Dean went to appellant's farm and with appellant looked over the collateral including the pipe. On each occasion Dean would be shown a large quantity of pipe and told by appellant "there is your pipe."

Appellant was asked in October, 1969, to bring to the bank a list of the items securing the loan since there had been some partial releases. On October 14, 1969, appellant brought such a list which showed only 1,200 feet of pipe, rather than the originally specified 12,000 feet. Dean questioned appellant about this difference, and the latter explained that there had been a mistake in the original list in that "there had been one too many zeros added to it." He indicated that his wife was responsible, and said that she had prepared the first list. The two Deans made an inspection with appellant the following day and asked appellant to produce the pipe, and according to Bill Dean, appellant "just said he didn't have it, that he had 1,200 feet, and that there had been a mistake for nearly two years."

Small payments were made on the note at various times, and at the time of the trial the note was in default and the amount due was $14,651.82.

Officials of First State Bank of Poteet testified that on November 18, 1968, about ten months after the loan by the Pleasanton bank, appellant came to them with a financial statement of his property available for collateral which listed 19,000 feet of irrigation pipe valued at $1.00 per foot. Relying on appellant's representations, the Poteet bank on November 18, 1968, loaned appellant the sum of approximately $32,000.00 with a chattel mortgage on, among other assets, 19,000 feet of irrigation pipe. On October 15, 1969, appellant told the Poteet bankers that there was a mistake in his original list, and that instead of the bank having a lien on 19,000 feet, it actually had a lien on only 1,900 feet. Again, there was a difference of one zero, and again appellant told the bankers that his wife was responsible.

The appellant did not testify, but he did produce three witnesses who testified that at appellant's request, they had inspected appellant's farming equipment about a week before the trial on December 6, 1971, and that they found about 40,000 feet of irrigation pipe on appellant's property. One witness, Ross Forbus, testified, in estimating the amount of irrigation pipe used by appellant in his peanut operations alone at from 25,000 to 30,000 feet, that in the years he had been a neighbor to appellant he had not noticed any diminution in the amount of pipe on these fields.

At this stage the appellant rested. The State also closed. Thereupon, appellant presented a motion for instructed verdict, which was overruled. The State then asked leave to reopen its case, which request was granted by the court over appellant's objections. District Attorney J. Taylor Brite took the stand and placed in evidence statements of the appellant made in a voluntary appearance before the grand jury. Brite testified that appellant asked for permission to testify before the grand jury, stating that he had secured his lawyer's permission to do so. Appellant was not in custody. The substance of appellant's statements to the grand jury, as related by Brite, was that at the time of the transaction with the Pleasanton bank, he had only 1,200 feet of 6 inch irrigation pipe free of prior liens available for the chattel mortgage, and that any other such pipe he may

then have possessed either belonged to a corporation or was subject to prior liens.

Article 1413, Vernon's Ann.P.C., provides that the offense of theft is complete if the taking, though originally lawful, was obtained by any false pretext.[1] The false pretext relied on by the State was the representation made by the appellant to the bank officials at the very time of securing the loan that he, appellant, was the owner of 12,000 feet of 6 inch irrigation pipe which was free and clear of any liens and encumbrances. The officials testified that they believed and relied on the truth of appellant's representations, and that they would not have made the loan and delivered appellant the money if they had known these statements were untrue. The falsity of the representations was established by evidence of appellant's own statements as later made to the bankers and as he testified before the grand jury.

We find the evidence sufficient to sustain the conviction, and that the court properly overruled appellant's several motions for an instructed verdict. Hill v. State, 364 S.W.2d 381 (Tex.Cr.App.); Dennis v. State, 420 S.W.2d 940 (Tex.Cr.App.).

■ Appellant's ground of error number one is to the effect that the court erred in admitting, over appellant's objections, the evidence heretofore detailed of the transaction between appellant and the Poteet bank. He contends this evidence was proof of an extraneous offense occurring subsequent to the execution of the note and chattel mortgage to the Pleasanton bank, "not related in motive, method or in any manner whatsoever to the offense for which Defendant was being tried."

The offense of which appellant was convicted necessarily involved fraudulent intent, false pretext and wrongful motive of the borrower. The trial court orally at the time he admitted the evidence of the Poteet loan and also in his written charge instructed the jury that such evidence was admitted and should be considered by them solely for the purpose of showing, if it does, the intent, motive or system of the appellant at the time of the act alleged in the indictment. The court correctly admitted the evidence concerning appellant's transaction with the Poteet bank for those purposes. 23 Tex.Jur.2d, Evidence, Secs. 198, 199, 201; Albrecht v. State, 486 S.W.2d 97 (Tex.Cr. App.); Hill v. State, supra; McClanahan v. State, 394 S.W.2d 499 (Tex.Cr.App.); McDonald v. State, 385 S.W.2d 253 (Tex. Cr.App.).

■ Appellant complains in his second ground of error of the ruling of the court in permitting the State, over objection, to reopen its case and put on additional evidence after both sides had rested and appellant's motion for an instructed verdict had been argued. There is no merit to this contention. This was a matter within the sound discretion of the court, and there was no abuse of discretion in this instance. 56 Tex.Jur.2d, Trial, Secs. 124, 125; McCullough v. State, 425 S.W.2d 359 (Tex.Cr. App.).

■ Appellant's grounds of error six, seven, eleven and twelve concern various objections to the admissibility of the evidence of the District Attorney concerning appellant's testimony in the grand jury room, such objections being in substance that what appellant had said before the grand jury was not admissible as direct evidence, that the District Attorney had no personal recollection of what appellant said, that the testimony was not corroborated, and that it was against the overwhelming weight of the previous testimony of State's witnesses. It is to be noted that the appel-

---

1. Art. 1413, V.A.P.C., reads: "The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

lant was not in custody, and that he voluntarily and at his own request went before the grand jury after securing his attorney's consent. District Attorney Brite testified that appellant was advised in the grand jury room that he did not have to testify, that he had the right to have his lawyer present, and that he could refuse to answer any question asked if he so wished.

Brite, although using notes from a recording to assist him and refresh his memory, stated in his opening remarks on the stand: "This is what was said by Mr. Granato in my presence at the Grand Jury and in the presence of the Grand Jury . . . ."

This Court has held in a number of cases that prior relevant admissions of an accused given in a voluntary appearance before the grand jury, the accused not being in custody, are admissible against him on his trial. 23 Tex.Jur.2d, Evidence, Sec. 630; Gardner v. State, 40 Tex.Cr.R. 19, 28 S.W. 470; Pierce v. State, 54 Tex.Cr.R. 424, 113 S.W. 148; Browning v. State, 64 Tex.Cr.R. 148, 142 S.W. 1; Medlock v. State, 108 Tex.Cr. R. 274, 1 S.W.2d 308; Davis v. State, 111 Tex.Cr.R. 476, 14 S.W.2d 842; O'Brien v. State, 409 S.W.2d 404 (Tex.Cr.App.).

We find no merit in these grounds of error.

In his ninth ground of error, appellant contends that the court committed material error in refusing to require the State to fully open its jury argument. No authorities are cited.

The court allowed each side forty-five minutes to present their arguments.

The statute regulating the order of arguments, Art. 36.07, Vernon's Ann.C.C.P., reads:

"The order of argument may be regulated by the presiding judge; but the State's counsel shall have the concluding address to the jury."

The only mandatory portion of this article is that the State has the right to close. All other matters as to the order of argument are left to the sound discretion of the court.

We find no reversible error in the record.

The judgment is affirmed.

Opinion approved by the Court.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

On rehearing appellant vigorously urges that this court "has not considered properly the testimony concerning the alleged falsity of the Appellant's representations concerning the ownership of the pipe." This claim is apparently advanced in connection with appellant's grounds of error on original submission that the evidence was insufficient to sustain the conviction.

In his brief on rehearing, appellant quotes some excerpts from the testimony of T. S. Dean and Elmo Mangum relating to inspections of the pipe on appellant's premises; the fact that appellant had done prior business with the banks mentioned and the bankers were well satisfied with the prior relationship, and that the bank in Poteet had taken a judgment in a civil suit against this appellant growing out of this same transaction and had made no effort to collect such judgment but had chosen these criminal proceedings to enforce a civil debt.

This writer has carefully examined and read the entire record on rehearing and found the summary of the evidence set forth in our original opinion to be a fair one. The evidence was heard by the jury, and the law applicable thereto was submitted to the jury by the court's charge. Considered in the light most favorable to the jury's verdict, as we are required to do, we again determine the evidence is sufficient to sustain the verdict.

Appellant's motion for rehearing is overruled.