**Sherman Lee WINTERS a/k/a Charles Jackson, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–81–086–CR.**

Court of Appeals of Texas, Waco.

Nov. 19, 1981.

"...

John J. Browne, Browne & Moore, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, Marie Von Krosigk, Asst. Dist. Attys., Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

Appellant was convicted of third degree felony theft, enhanced by two prior felony convictions, to an habitual offender. Appellant plead not guilty to the jury who found him guilty. Appellant entered a plea of true to the enhancement paragraphs and the jury found he had been twice before convicted. The court assessed punishment at life imprisonment in the Texas Department of Corrections.

Appellant appeals on 5 Grounds of Error.

Ground of Error 1 asserts the trial court erred in permitting the asking of "have you heard" questions by the State to test the credibility of a witness who had not testified as to the [appellant's] good character for any trait.

The State's evidence showed that appellant came to the office of complaining witness Stine; told Stine he was the son of E. V. Shavers a long time employee of Stine who had been retired for several years; that his father was dead; that his mother was dead; that his wife's mother had died in California; that he wanted to borrow some money until the next morning in order to send his wife and children [by air] to California to the funeral; that Stine loaned him $600; that he called back and tried to borrow more money from Stine and from George Pace who worked for Stine; that he was to repay the money the next day when his boss at the place he worked came in; that complaining witness Stine learned that E. V. Shavers and wife were not dead; that they had no son; that appellant was not who he represented himself to be; that when appellant called to borrow more money Stine told him to come to the office and he would lend him more money; that this was told appellant so he could be arrested; which was what happened.

Appellant's first witness, his girl friend, Terry Sutton testified as to her attempts to pay the money back after he was arrested.

Charles Stamps, husband of Terry Sutton's sister, testified he knew appellant and that he never knew appellant to borrow money and not pay it back. On cross examination by the State, Stamps was asked "Have you heard that on September 12, 1975 [appellant] took $1028 from Phillips Service Station and did not pay that money back"? Appellant's Counsel: "I would object to that. I don't feel that it is a proper question at this time". The trial court overruled the objection, and the witness replied he had not heard of same. And

thereafter the State asked the witness "Had you heard" about [appellant] taking or borrowing money [from some 7 other people] and not repaying same? These questions were not objected to, and the witness answered that he had not heard of same.

■ Appellant's objection was general, and is not the same objection as he urges on appeal. In such situation no error is preserved for review; *Williams v. State*, Crim. App., 549 S.W.2d 183; *Smith v. State*, Crim. App., 513 S.W.2d 823.

■ Moreover we think the evidence admissible when a witness testifies to a character trait of an accused, as here [that the witness never knew of the accused borrowing money and not paying it back], and that the State may ask the witness if he has heard of acts by the accused which are inconsistent with the character trait testified to on direct examination; *Livingston v. State*, Crim.App., 589 S.W.2d 395.

Ground of Error 2 asserts: "The State was guilty of prosecutorial misconduct in injecting into evidence extraneous offenses on the issue of intent or similar identifying characteristics where there was no defensive issue raised which would authorize the admission of such evidence"; and Ground of Error 3 asserts: "The trial court erred in holding over objection the testimony of June Chambers to be admissible, to the effect that [appellant] had told her the same false story he told the complaining witness in this case".

The appellant told the complaining witness a false story about needing money to send his wife and children to California to a funeral, and promised to repay the next day. Appellant testified the story was false. On cross examination he was asked if he had used that story before and he said "No". Then he was asked if he had not used that story on a Ms. June Chambers to get money out of her. Appellant replied "No I didn't". Counsel objected and the trial court sustained. Then the State asked appellant if he borrowed $650 from Glen Thomas on the same story, and appellant

replied "No". Counsel objected and the trial court sustained.

The trial court further permitted the witness June Chambers to testify that appellant told her the same false story to try to get money from her.

It is true that appellant admitted that his story to Mr. Stine was false, but appellant further denied any intent to steal and vigorously asserted that his intent was to borrow the money.

■ When intent is an issue, as here, evidence of extraneous offenses or acts on the part of the accused are admissible to show such intent or a particular scheme or design used by him. *Crawley v. State*, Crim.App., 513 S.W.2d 62; *Albrecht v. State*, Crim.App., 486 S.W.2d 97; *Granato v. State*, Crim.App., 493 S.W.2d 822.

Ground of Error 4 asserts the trial court erred in overruling appellant's objection to the definition of "Deception" as given in the court's charge.

The trial court defined "Deception" in its charge as follows: "Deception includes creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the Defendant does not believe to be true".

Appellant's counsel objected "to that part of the charge on the first page relating to the definition of deception, and in particular that part which refers to the defendant, where the defendant is referred to as—or the word actor is used. We feel it is important and we would like to have our objection noted on that basis. The objection is to the usage of the word defendant as opposed to the word actor. 31.01 Section 2A".

The trial court overruled the objection.

Appellant asserts objections to the definition on appeal that were not asserted in the trial court.

■ Nothing is presented for review where the ground of error does not comport with the objections by counsel at trial. *Smith v. State*, Crim.App., 513 S.W.2d 823.

**560**

Ground of Error 5 asserts there is insufficient evidence to support the conviction for theft herein in that there was no proof that the appellant did not intend to perform (repay the loan).

Appellant argues he was arrested before he had a chance to repay the loan on the day promised.

Deception was admitted by appellant, and intent was established by the circumstances of both the instant case and the extraneous offense admitted properly for that very reason.

On appeal the evidence must be viewed in a light most favorable to the jury's verdict. *Seaton v. State*, Crim.App., 564 S.W.2d 721. Appellant made no effort or promise to repay the loan or any portion thereof when he was arrested; the loan was never repaid; appellant never repaid the loan obtained from Ms. Chambers using the same deception; and the reason appellant returned to the office of the complaining witness was to borrow additional money. The jury was authorized to believe appellant did not intend to repay Mr. Stine, and the evidence is sufficient to support the conviction.

All appellant's Grounds of Error are overruled.

AFFIRMED.