**Elton Lee DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–0498–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 30, 1985.

Robert E. Hoskins, Galveston, for appellant.

Michael J. Guarino, Galveston County Dist. Atty., Carla Marie Anderson, Galveston County Asst. Dist. Atty., Galveston, for appellee.

Before JACK SMITH, DUNN and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury convicted appellant of negligent homicide, and the court assessed punishment at one year jail confinement and a $2,000 fine.

The sufficiency of the evidence is not contested. The record shows that on November 5, 1983, appellant fatally shot his wife, Patricia Davis, in the chest with a .38 caliber handgun. Appellant gave two statements to the police admitting that, in attempting to prove to his wife that the gun was unloaded, he pulled the trigger and the gun fired. Both statements were admitted into evidence, and a former assistant district attorney testified that appellant testified to the grand jury that the gun was resting on his wife's chest when he pulled the trigger.

In his first ground of error, appellant argues that the trial court erred in admitting the testimony of the former prosecutor regarding appellant's oral testimony to the grand jury. The witness, who was no longer employed as an assistant district attorney at the time of trial, testified that appellant told the grand jury the following:

He said that he was scared and wanted to tell the truth and that he had lied to the police about the gun having been unloaded or of having known the gun was unloaded. He said this to the police to make his story look better that night. He said he had also lied about the distance from his wife. He said that in fact he had the butt of the gun up to her chest and pulled the trigger, but he still protested that he did not know the gun was loaded. But he said he had lied about having known it was unloaded earlier.

Appellant argues that the testimony should not have been admitted because the grand jury testimony was not recorded, not corroborated, and not taken in compliance with Tex.Code Crim.P.Ann. art. 20.17 (Vernon 1979). The State first contends that nothing is presented for review, because the ground of error on appeal does not comport with the trial objections. However, there was an extensive hearing prior to admission of the testimony at which appellant argued everything he now asserts on appeal, except failure to comply with art. 20.17. With the exception of argument concerning compliance with art. 20.17, the ground of error has been preserved for review.

Admissions by an accused who voluntarily appears before a grand jury are generally admissible against him at trial. *See Yarbrough v. State*, 617 S.W.2d 221, 226 (Tex.Crim.App.1981); *Granato v. State*, 493 S.W.2d 822, 826 (Tex.Crim.App. 1973); Tex.Code Crim.P. art. 38.22, sec. 5 (Vernon 1979). Neither article 38.22 nor the case law requires that grand jury proceedings be recorded or corroborated. *Perez v. State*, 590 S.W.2d 474, 478 (Tex.Crim. App.1979). A voluntary statement made by an accused who is not under arrest is "always admissible" when offered by the State. *Browning v. State*, 64 Tex.Crim. 148, 142 S.W. 1 (1911).

In this case, appellant, who was not arrested until December 23, 1983, voluntarily appeared before the grand jury on December 6, 1983. He had already given two written statements to police. The former prosecutor who testified at trial stated that prior to giving any statement, appellant was apprised of his right to refuse to testify before the grand jury. Nothing in the

record indicates that appellant was compelled to testify before the grand jury.

Ground of error one is overruled.

In a related ground of error, appellant contends that it was error to allow the former prosecutor to repeat "double hearsay," that is, appellant's statement to the grand jury about statements made by his daughter, Ponderia Davis. The record reflects the following:

> Q: Did Mr. Davis say anything else that you regarded unusual at that time?
>
> A: Yes. He said that his daughter was lying for him and that she was scared for him and that he was scared. But he said that his daughter had been lying for him.
>
> Q: And that was it?
>
> MR. HOSKINS: Your Honor, I would like to object to that statement made by Mr. Johnson and ask that it be stricken from the record.
>
> THE COURT: I'm going to overrule.
>
> Ladies and gentlemen, that statement is limited only for the purpose to show of Mr. Elton Davis' state of mind not whether Ponderia Davis did in fact tell the truth.

Although appellant's objection was general, it is clear from the record that the court understood the objection to be hearsay and ruled accordingly. Where the correct ground of exclusion is obvious, no waiver results from a general objection. *Roeder v. State*, 688 S.W.2d 856 (Tex.Crim. App.1985) (not yet reported). In any event, the remark does not constitute hearsay because it is an admission. It tended to prove that the appellant was trying to fabricate, conceal or suppress the testimony of the only witness to the shooting other than himself. Tex.R.Evid. 801(e)(2); *see also* Tex.Code Crim.P.Ann. art. 38.02 (Vernon 1979).

Ground of error two is overruled.

In his third ground of error, appellant argues that the trial court erred in refusing to grant an instructed verdict because of overreaching and misconduct by the State's attorneys. Appellant first complains that the prosecutors personally investigated and prepared the case for trial, and that a former prosecutor testified regarding appellant's testimony before the grand jury. He argues that the prosecutors intentionally refrained from recording his testimony before the grand jury. None of these acts constitutes misconduct.

Second, appellant implies that the prosecutors tampered with a witness. On the first day of trial, Ponderia Davis, the 14 year old daughter of appellant and the sole eyewitness (other than the appellant) to the shooting, was taken into custody on a 19 day old court order, issued under Tex.Fam. Code Ann. sec. 52.01 (Vernon 1974), alleging harassment. The prosecutors who represented the State at trial were at the Galveston Police Department when Ponderia was brought in, and one spoke to her briefly.

The trial court conducted an extensive hearing to determine whether any misconduct had occurred and held a private conference in chambers with Ponderia. All proceedings were recorded and are included in the statement of facts. The evidence showed that the magistrate signed an order for immediate custody for Ponderia Davis, pursuant to sec. 52.01 of the Texas Family Code, on March 28, 1984. The order was executed by arresting her in school at 8:30 a.m. on April 16, 1984, the day her father's trial in this case began. Ponderia testified privately in the trial judge's chambers that she was handcuffed, with her hands behind her back, from 8:30 a.m. until 4:00 p.m. on April 16, at which time she was released and told that the matter was "finished." She testified that she had never been arrested by juvenile authorities and had never been in trouble before. She confirmed the testimony of the State's prosecutor that he met her when she was brought into the police station and that he made only a brief comment to her expressing his surprise at seeing her, because he thought she was in Louisiana. She testified that nobody spoke to her about her father's case, and no one mentioned her testimony. She repeatedly stated that she could and would, if called as a witness, testify in her father's trial and

would give the same testimony she would have given before her arrest. She stated that she was apprehensive about her father's future and about her testimony possibly injuring him, but that she was willing and able to testify.

■ These facts gave rise to an inference of improper pressure by the State upon a defense witness, and the careful trial judge acted promptly and commendably to investigate. His interview with the witness in chambers demonstrates that appellant was not deprived of testimony or otherwise harmed by the State's arrest of Ponderia. Although Ponderia did not testify at the trial, the appellant did not question her further in an attempt to prove improper pressure upon her by the State.

After questioning Ponderia in camera, the court stated:

In my opinion what transpired here today, whether through design or by pure accident, did not taint her sufficiently that I think that the trial needs to be recessed or that she needs 30, 60 or 90 days or something like that [as a] calm down period.

Nothing in the record indicates that the court abused its discretion.

Ground of error three is overruled.

In his last ground of error, appellant contends that the trial court erred in refusing to charge the jury on accident. The requested instruction tracked McClung's *Jury Charges for Texas Criminal Practice* and stated:

You are instructed that a person commits an offense only if he voluntarily engages in conduct, including an act, admission or possession. Conduct is not rendered involuntary because the person does not intend the results of his conduct; therefore, if you believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, Elton Davis, did cause the death of Patricia Davis as alleged in the information, but you further believe that from the evidence or you have a reasonable doubt thereof that the shooting was a result of an accidental discharge of the gun while Elton Davis was showing Patricia Davis that the gun was not loaded and was not the voluntary act of Elton Davis, you will acquit Elton Davis and say by your verdict not guilty.

■ Technically, accident is no longer a defense in Texas. Under the present penal code, a defendant is entitled to an instruction that he should be acquitted if there is a reasonable doubt as to whether he voluntarily engaged in the act of which he is accused. *See Williams v. State*, 630 S.W.2d 640, 644 (Tex.Crim.App.1982); Tex. Penal Code Ann. sec. 6.01(a) (Vernon Supp. 1985).

■ A defendant is entitled to an instruction on any defensive issue raised by the evidence. *Williams*, 630 S.W.2d at 643. However, in this case, there was no evidence to support the requested instruction. The only evidence that appellant brings to the court's attention is the assertion in each of his written statements that he did not believe the gun was loaded. The trial court properly gave an instruction on mistake of fact, because of appellant's mistaken belief that the gun was unloaded. Tex.PenalCode Ann. 8.02 (Vernon 1974). Mistake of fact, however, is not the same as accident under the current definition. Appellant admitted that he intentionally pointed the gun in the direction of the deceased and voluntarily pulled the trigger. The act was voluntary, although the result was unintentional. Appellant was not entitled to the requested charge. *Compare London v. State*, 547 S.W.2d 27 (Tex.Crim. App.1977).

Ground of error four is overruled.

The judgment is affirmed.