IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-427-CR




HENRY JOHNS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0923527, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING


 





PER CURIAM

 The district court found appellant guilty of delivering less than twenty-eight grams
of cocaine, a controlled substance, and assessed punishment at imprisonment for twelve years. 
Tex. Health & Safety Code Ann. § 481.112 (West 1992). We will affirm.

 On May 16, 1992, Liana Crow, an undercover police officer, purchased cocaine
from a man on 13th Street in Austin. During the course of this transaction, the man told Crow
that his name was "Tree Top." Crow and her partner later returned to the police station and ran
"Tree Top" through the computer. The officers learned that "Tree Top" was the alias of Henry
Johns, 1907 East 13th Street, Austin. The officers then obtained a copy of Johns's photograph
from the police department identification section. Both agreed that this was the man who sold
Crow cocaine earlier that night. Crow identified appellant at trial as "Tree Top," the man who
sold her the cocaine.

 In his second point of error, appellant urges that the pretrial identification
procedure was unnecessarily suggestive and tainted the in-court identification. He bases this claim on the fact that Crow viewed only one photograph, rather than a full photographic lineup. 
This contention is without merit. Appellant identified himself to the officer at the time of the drug
sale. Using the nickname appellant gave her, Crow first learned appellant's true name and then
located his photograph. There was nothing suggestive in this process, and there was no reason
for the officer to view additional photographs after confirming appellant's identity. Point of error
two is overruled.

 In point of error one, appellant complains that the district court violated its duty
to remain impartial and commented on the weight of the evidence when it instructed the
prosecutor to produce another witness after the State rested. After Crow testified, the State called
a police chemist to testify that the contraband was cocaine. During his testimony, the chemist
stated that the substance had been delivered to him by Officer Beck. When the State offered the
cocaine in evidence, appellant objected to the lack of a proper chain of custody. The court
sustained the objection and the prosecutor said, "I will get Officer Beck up here." Appellant then
cross-examined the chemist. When the prosecutor then announced that the State rested, the court
replied, "Get Beck." The prosecutor, reminded of her need for the additional witness, asked for
a recess. At this point, defense counsel informed the court that appellant would stipulate that
Beck's testimony would complete the chain of custody and withdrew his objection to the
admission of the cocaine.

 Keeping in mind that this was a bench trial, we fail to see how appellant was
prejudiced by the court's reminder to the prosecutor. It is not an abuse of discretion for the court
to grant the State's timely motion to reopen for further testimony. Tex. Code Crim. Proc. Ann.
art. 36.02 (West 1981); Granato v. State, 493 S.W.2d 822, 825 (Tex. Crim. App. 1973). We
also note that appellant voiced no objection at trial. Tex. R. App. P. 52(a). Point of error one
is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: June 9, 1993

[Do Not Publish]