Charles GILMORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-89-00523-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 14, 1990.

Ben Levy, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Lyn McClellan, Asst. Dist. Attys., for appellee.

* The Honorable Jackson B. Smith, Jr., Justice, retired, Court of Appeals, First District of Texas

OPINION

Before DUGGAN and HUGHES, JJ., and SMITH *, J. (Retired).

DUGGAN, Justice.

■ A jury found the appellant, Charles Gilmore, guilty of murder, found two enhancement allegations true, and assessed punishment at life imprisonment. In a single point of error, Gilmore complains that the trial court abused its discretion in allowing the State to reopen the evidence after both sides had rested, but before jury argument, during the punishment phase of the trial.

During the punishment phase, the State introduced two penitentiary packets for the purpose of proving the indictment's two enhancement paragraphs. The packets were marked as State's exhibits 2 and 3. The State offered Deputy Michael Hefler, a fingerprint examiner with the Harris County Sheriff's Department, to identify the fingerprints in the penitentiary packets as Gilmore's. In Hefler's initial testimony, however, he and the prosecutor referred to State's exhibits "1" and "2," not "2" and "3." After the State rested, Gilmore moved for a directed verdict of "not true" to the second enhancement allegation, on the ground that Hefler had not testified that exhibit 3 contained Gilmore's fingerprints. The trial court overruled Gilmore's motion.

The trial court then allowed the State to reopen and recall Hefler. The statement of facts reflects that, after reopening, the State asked Deputy Hefler just one substantive follow-up question:

Previously, I may have identified these as State's exhibits 1 and 2. Instead, let me ask you—I'll show you State's Exhibit 2 and 3, and ask you as to State's Exhibits 2 and State's Exhibit 3, are the fingerprints contained in State's Exhibit 2 and 3 the same as the fingerprint contained in State's Exhibit 18?

at Houston, sitting by assignment.

Hefler responded affirmatively, and the State passed its witness.

The Code of Criminal Procedure provides: "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." TEX.CODE CRIM.PROC.ANN. art. 36.02 (Vernon 1981). The trial court's decision to reopen the evidence is subject to review for an abuse of discretion. *Holifield v. State*, 599 S.W.2d 836, 837 (Tex. Crim.App.1980). Gilmore concedes that this statute has been liberally construed in favor of allowing either party to reopen the evidence and offer additional testimony. *Beck v. State*, 719 S.W.2d 205, 214 (Tex. Crim.App.1986).

Gilmore complains that the trial court's ruling unduly emphasized his criminal record, by twice putting the evidence of his prior conviction for possession of a firearm before the jury. We do not agree that the trial court abused its discretion. The record reflects that the State was allowed to reopen in order to rectify the prosecutor's, and Hefler's, slip of the tongue. The particulars of Gilmore's prior conviction were not emphasized after the evidence was reopened. It is ordinarily not an abuse of discretion to allow the State to reopen to correct a deficiency in its evidence, *Granato v. State*, 493 S.W.2d 822, 825 (Tex.Crim. App.1973), and we hold that this case does not present an exception to the general rule.

We overrule the point of error, and affirm the judgment of the trial court.