# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00483-CR

---

**Eric John Pedroza, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 51ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. A-17-0681-SB, THE HONORABLE CARMEN DUSEK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Eric John Pedroza appeals from a judgment of conviction finding him guilty of one count of indecency with a child, *see* Tex. Penal Code § 21.11(a)(1), and sentencing him to eight years of confinement with the Texas Department of Criminal Justice (TDCJ). We will affirm the judgment of conviction.

## BACKGROUND

On June 30, 2017, a grand jury charged Pedroza by indictment with three second-degree felony counts of sexual assault of a child and one second-degree felony count of indecency with a child by contact. The indictment alleged the offenses had occurred on or around June 12, 2016.

The case was tried to the bench on June 7, 2019. Prior to trial, Pedroza signed a Waiver and Stipulation of Evidence with respect to Count Four only, and the trial court

confirmed that Pedroza understood the implications of that signing. In the Waiver and Stipulation, Pedroza stipulated:

> [t]hat in Tom Green County, Texas, on or about the 12th day of June, 2016 [he] did then and there with the intent to arouse or gratify [his] sexual desire, engage in sexual contact with [the victim], by touching the breast of [victim], a child younger than 17 years of age.

Pedroza "further agree[d] and stipulate[d] to make restitution to [victim] in the amount of $140.00." He "further admit[ted], stipulate[d,] and judicially confess[ed] that [he is] the identical person named in the indictment . . . and that all the facts and allegations insofar as stated above are true and correct."

Pedroza then entered an open plea of guilty to Count Four, indecency with a child, and entered pleas of not guilty to Counts One, Two, and Three. As to his guilty plea to Count Four, the trial court questioned Pedroza regarding the voluntariness of his plea and announced, "I will accept your plea of guilty as to Count Four as being given freely and voluntarily."

At trial, the State called only one witness—the alleged victim. She testified that at the time of the alleged incident she was a teenager and Pedroza was a neighbor her family had invited in to watch movies. She testified that the rest of her family had gone to bed but that she and Pedroza had remained alone in the living room to finish watching a movie. She said that at some point she fell asleep in an armchair and woke up to find Pedroza "doing things" to her. When asked to clarify or specify what these "things" were, the witness declined. When asked why she would not describe what transpired, she said she did not want to talk about it "in front of [Pedroza]." On cross-examination, the victim conceded that it is "possible" that she had

2

previously offered two conflicting reports of what happened that night. She also conceded that, although she was "scared" of Pedroza, she continued texting him for weeks after the incident.

Like the State, the Defense called only one witness—Pedroza's wife, Karen Pedroza. By agreement of the parties and with approval from the bench, Karen testified as to both guilt/innocence and punishment. Karen devoted most of her testimony to describing her husband's medical history. She testified that he had ongoing memory and neurological issues due to a case of spinal meningitis he suffered as an infant. She also described his struggle with diabetes and several injuries he had sustained at work. Pedroza's counsel asked to admit Pedroza's medical records, but in absence of anyone to authenticate the records or an accompanying business records affidavit, the court sustained the State's objection to the records. Karen finished her testimony by conceding that Pedroza had told her he had "licked" the victim.

After both sides rested, the trial court asked if either party wanted to offer the Waiver and Stipulation into evidence. The State answered in the affirmative. The trial court asked if Pedroza wished to object, and his counsel answered in the negative. The trial court then admitted the Waiver and Stipulation into evidence as State's Exhibit #1.

Following closing arguments, the trial court found Pedroza not guilty as to Counts One, Two, and Three, and rendered judgments of acquittal as to those counts. The trial court found Pedroza guilty as to Count Four and rendered a judgment convicting him, as to that count, of the second-degree felony offense of Indecency with a Child by Contact. The trial court then sentenced Pedroza to eight years' confinement with TDCJ's Institutional Division.

Trial counsel filed a motion to withdraw, which the trial court granted. Pedroza did not file motion for new trial but filed pro se notice of appeal. The trial court appointed

3

appellate counsel to file amended notice of appeal. This appeal of the judgment of conviction with respect to Count Four followed.

## DISCUSSION

Pedroza raises two issues on appeal. First, he argues the trial court "violated [his] due process right to a fair trial before a neutral and detached judge during trial to the court on a plea of guilty as to Count Four of the indictment." Second, he contends that "defense counsel rendered ineffective assistance by failing to object to the trial court's solicitation of a proffer by the State of the Waiver and Stipulation of Evidence after the State failed to offer it before closing its case and by failing to object to admittance by the court of the Waiver and Stipulation of Evidence as an exhibit without a motion to reopen by any party."

### Due Process

In his first issue, Pedroza complains of the admission of the Waiver and Stipulation of Evidence, arguing that he was denied due process when the trial court solicited admission of this evidence from the State after the State had already rested its case. Pedroza, however, did not object to the admission of the Waiver and Stipulation of Evidence and therefore has not preserved this purported error for our review. *See* Tex. R. App. P. 33.1(a); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

In an attempt to overcome his failure to preserve his challenge to the admission, Pedroza argues that the record here reflects a "structural error" that may be raised for the first time on appeal. *See Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); *Segovia v. State*, 543 S.W.3d 497, 502 (Tex. App.—Houston [14th Dist.] 2018, no pet.). "Structural errors" comprise a narrow class of cases involving the deprivation of federal constitutional

4

rights. *See Johnson v. United States*, 520 U.S. 461, 468–69 (1997). These errors include, for example, the total deprivation of the right to counsel, the absence of an impartial trial judge, the unlawful exclusion of grand jurors of the defendant's race, the denial of the right to self-representation at trial, the denial of the right to a public trial, and the erroneous reasonable-doubt instruction to the jury. *See id.* In this case, Pedroza argues that the trial court's solicitation of the Waiver and Stipulation and the court's subsequent admission of that Waiver and Stipulation into evidence reflect a biased judge such that he suffered from structural error.[1]

The federal and state constitutions guarantee a defendant the right to an impartial judge. *Abdygapparova v. State*, 243 S.W.3d 191, 208 (Tex. App.—San Antonio 2007, pet. ref'd) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973), and *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006)). When a claim of judicial bias is raised, we review the entire record to determine if it shows the judge's bias or prejudice denied the defendant due process. *Id.* at 198. Absent a strong showing to the contrary, we presume the trial judge was neutral and impartial. *Id.*

Unfavorable rulings do not alone show judicial bias or prejudice; rather, the judicial ruling must "connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree." *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 550 (1994)). Specifically, judicial remarks or rulings may show

---

[1] Pedroza also argues that the admission violated Code of Criminal Procedure article 36.02 ("The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice."), but that alleged error is not structural and Pedroza therefore waived any challenge by failing to object. *See Lake v. State*, 532 S.W.3d 408, 411 (Tex. Crim. App. 2017) ("[W]e treat error as "structural" only if the Supreme Court has labeled it as such.").

5

bias if they reveal "an opinion deriving from an extrajudicial source." *Liteky*, 510 U.S. at 555. When there is no claim of an extrajudicial source, judicial remarks will constitute grounds for reversal "only if they reveal such a high degree of favoritism or antagonism as to make a fair judgment impossible." *Id.* The "high degree of favoritism or antagonism" must be clearly apparent from the judicial remarks themselves without interpretation or expansion of the words. *Gaal v. State*, 332 S.W.3d 448, 457–58 (Tex. Crim. App. 2011).

The record before us belies Pedroza's arguments regarding bias and structural error. The trial court opened the trial by reviewing the Waiver and Stipulation with Pedroza and ensuring that Pedroza understood its meaning and implications. When the trial court later asked the parties if either one wanted to admit the Waiver and Stipulation, and the State answered in the affirmative, the trial court expressly gave Pedroza an opportunity to object. The trial court's treatment of the Waiver and Stipulation simply does not reflect the type of prejudicial treatment that rises to the level of structural error. *Cf. Johnson*, 520 U.S. at 468–69 (offering, as example of type of bias that rises to level of structural error, example of adjudicant that had pecuniary interest in outcome of case (citing *Tumey v. Ohio*, 273 U.S. 510 (1927))). Nor does it reflect a high degree of favoritism or antagonism. *Liteky*, 510 U.S. at 555. We therefore overrule Pedroza's first issue.

### Ineffective Assistance

In his second issue, Pedroza contends that "defense counsel rendered ineffective assistance by failing to object to the trial court's solicitation of a proffer by the State of the Waiver and Stipulation of Evidence after the State failed to offer it before closing its case and by

failing to object to admittance by the court of the Waiver and Stipulation of Evidence as an exhibit without a motion to reopen by any party." We disagree.

"To establish ineffective assistance of counsel, an appellant must demonstrate by a preponderance of the evidence a deficient performance by counsel and the defendant suffered prejudice as a result." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018). The appellant must first demonstrate that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Ex parte Scott*, 541 S.W.3d 104, 115 (Tex. Crim. App. 2017). The appellant must then show the existence of a reasonable probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different absent counsel's deficient performance. *Strickland*, 466 U.S. at 694; *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700; *accord Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

Our review of counsel's representation is highly deferential; we must "indulge in a strong presumption that counsel's conduct was *not* deficient." *Nava v. State*, 415 S.W.3d 289, 307–08 (Tex. Crim. App. 2013) (emphasis in original); *see Strickland*, 466 U.S. at 689. To rebut that presumption, a claim of ineffective assistance must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record by itself be sufficient to demonstrate an ineffective-assistance claim. *Nava*, 415 S.W.3d at 308; *see Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017) (observing that record on direct appeal "is generally insufficient to show

7

that counsel's performance was deficient").  If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, we will not find him to be deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308 (quoting *Menefield*, 363 S.W.3d at 593); *Goodspeed*, 187 S.W.3d at 392.

Given the high degree of deference we afford to counsel's decisions, Pedroza cannot show ineffective assistance here.  The trial court opened the proceedings by asking Pedroza about the Waiver and Stipulation of Evidence:

| | |
|---|---|
| THE COURT: | I also have in front of me a yellow sheet.  It is a document that's called a Waiver and Stipulation of Evidence.  It appears to have been signed by you and is dated today, June 7th.  Did you go over this yellow piece of paper with your lawyer today? |
| PEDROZA: | Yes, we did. |
| THE COURT: | All right.  And you understand everything that you have agreed to in that document? |
| PEDROZA: | Yes. |
| THE COURT: | Do you understand that by proceeding with this document today that you are giving up your right to remain silent with regard to guilt and innocence in this case? |
| PEDROZA: | Yes, ma'am. |
| THE COURT: | All right. |

The trial court then accepted Pedroza's guilty plea with respect to Count Four.

Later, after the State had rested and Pedroza had waived rebuttal, the trial court revisited the Waiver and Stipulation:

THE COURT:     Counsel, clarify one thing.  When we went over, at the beginning, with the guilty plea we addressed the waiver and stipulation.  Does either party wish to have that admitted into evidence?

THE STATE:     Yes, Your Honor.  We would offer the stipulation of evidence.

THE COURT:     Any objection to the waiver—

DEFENSE:       No, Your Honor.

THE COURT:     —and stipulation being admitted?   All right. The waiver and stipulation is accepted by the Court and is admitted.  That will be State's [exhibit number] 1.

THE STATE:     Yes.

There is no indication in the record, nor does Pedroza contend in his brief, that he asked his attorney to object to the admission.  And counsel has not been given an opportunity to explain his decision.  *See id.*

On this record, we cannot consider counsel's decision not to object "so outrageous that no competent attorney would have" made the same decision.  *See id.*  Prior to trial, counsel reviewed the Waiver and Stipulation with Pedroza to confirm that Pedroza understood it and wanted to sign and submit it.  At the beginning of trial, the presiding judge again confirmed that Pedroza understood the implications of the Waiver and Stipulation.  And following that dialogue, the trial court allowed Pedroza to enter a guilty plea to Count Four and accepted Pedroza's attestation that the guilty was voluntarily given.  This record reveals no reason for counsel to think that his client wanted him to object to the admission.  Further, given Pedroza's guilty plea, counsel's choice not to object to the stipulation could have been part of a strategy to obtain a more lenient sentence.

Pedroza, however, argues that article 36.02 of the Code of Criminal Procedure requires a motion to reopen the case before the trial court can admit evidence after the parties

9

have rested, and thus that his attorney made a mistake by failing to recognize this purported requirement. The article provides, "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." Tex. Code Crim. Proc. art. 36.02. Pedroza provides no support for his construction of article 36.02, as the two cases he cites are inapposite. *See Peek v. State*, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003); *Reeves v. State*, 113 S.W.3d 791, 794 (Tex. App.— Dallas 2003, no pet.). In *Peek*, the defense sought to reopen the case to introduce medical records. *See* 106 S.W.3d at 73–74. The court denied the motion, the defense appealed, the court of appeals reversed, and the State successfully sought discretionary review. *Id*. at 74–75. The Court of Criminal Appeals agreed with the court of appeals, holding that "a judge should reopen the case if the evidence would materially change the case in the proponent's favor." *Id*. at 79. The case makes no mention of any motion requirement. *Reeves*, meanwhile, applies the rule from *Peek* and then holds that even where the trial court abuses its discretion under *Reeves*, the appellate court must proceed to a harm analysis to determine whether the abuse results in reversible error. *See* 113 S.W.3d at 794–95. Again, the case makes no mention of a motion requirement.[2] But even assuming that Pedroza is correct that the trial court could not admit the

---

[2] Moreover, there is some authority suggesting that a court may sua sponte reopen a case where the administration of justice so requires. *See Martinez v. State*, 336 S.W.3d 338, 341 (Tex. App.—San Antonio 2010, no pet.) ("In his first issue, appellant contends the trial court abused its discretion by, sua sponte, admitting the cheek swabs after both sides rested but before closing arguments, [but] [w]e disagree."); *Cubic Energy, Inc. v. Kees*, No. 11-03-00313-CV, 2004 WL 2066206, at *3 (Tex. App.—Eastland Sept. 16, 2004, pet. denied) (mem. op.) (holding, under nearly identically worded rule governing civil matters, *see* Tex. R. Civ. P. 270, that whether to sua sponte reopen case to allow for the admission of additional evidence is within the "sound discretion" of the trial court); *Gilmore v. State*, 792 S.W.2d 553, 554 (Tex. App.— Houston [1st Dist.] 1990, no pet.) ("It is ordinarily not an abuse of discretion to allow the State to reopen to correct a deficiency in its evidence." (citing *Granato v. State*, 493 S.W.2d 822, 825 (Tex. Crim. App. 1973))).

Waiver and Stipulation without a motion to reopen the case, and even assuming that counsel made a mistake by failing to recognize that purported requirement and object, a simple mistake on the part of an attorney is not alone sufficient to show ineffective assistance of counsel. *See, e.g.*, *Ramirez v. State*, 301 S.W.3d 410, 416 (Tex. App.—Austin 2009, no pet.); *Killough v. State*, No. 04-07-00762-CR, 2008 WL 506286, at *6 (Tex. App.—San Antonio Feb. 27, 2008, no pet.) (mem. op., not designated for publication).

Finally, even assuming a deficiency in counsel's failure to object to the admission, Pedroza has not shown how that failure prejudiced him. It is possible, as Pedroza seems to believe, that if counsel had objected, the trial court would have sustained the objection and would not have admitted the Waiver and Stipulation due to the absence of a motion to reopen. But it is also possible that the State simply would have moved the trial court to reopen the case and that the court would have granted the motion and offered the Waiver and Stipulation. In short, even if we assume a deficient performance in counsel's failure to object to the admission of the Waiver and Stipulation, Pedroza's challenge does not undermine our confidence in the outcome of the case, and he therefore cannot prevail with his ineffective-assistance challenge. *See Strickland*, 466 U.S. at 694; *Burch*, 541 S.W.3d at 820. We therefore overrule his second issue.

## CONCLUSION

We affirm the judgment of conviction.

11

_____
Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed:   July 9, 2021

Do Not Publish